■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO TOLEDO, Appellant. [614 NYS2d 238] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered January 8, 1991, convicting him of attempted murder in the second degree, upon his plea of

guilty, and sentencing him to a term of imprisonment of 12½ to 25 years.

Ordered that the judgment is modified, on the law, by reducing the minimum term of imprisonment to 8⅓ years; as so modified, the judgment is affirmed.

The defendant contends that the factual recitation at his plea allocution is legally insufficient to support his conviction of attempted murder in the second degree. However, since the defendant never moved to withdraw his plea or to vacate the judgment of conviction, his present claim is unpreserved for appellate review (see, People v Lopez, 71 NY2d 662; People v Pellegrino, 60 NY2d 636). In any event, since the defendant pleaded guilty to a lesser crime than that charged in the indictment, under the circumstances of this case, he may not challenge the sufficiency of the plea allocution (see, People v Pelchat, 62 NY2d 97; People v Clairborne, 29 NY2d 950).

The defendant contends, and the People concede, that the court erroneously imposed a sentence of 12½ to 25 years rather than a sentence of 8⅓ to 25 years. Since the defendant was not a predicate felon or an armed violent felon, his minimum sentence should have been one third rather than one half, of the maximum (see, Penal Law § 70.00 [3]; § 70.02 [4]; § 70.04 [4]). The defendant's contention that his maximum sentence is excessive is without merit (see, People v Leon, 176 AD2d 294; People v Kazepis, 101 AD2d 816).

The defendant's remaining contention is also without merit. Ritter, J. P., Copertino, Santucci and Hart, JJ., concur.