■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENDALL GLASS, Appellant. [661 NYS2d 971] —Appeal by the de-

fendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered January 12, 1996, convicting him of attempted murder in the second degree and criminal use of a firearm in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 12½ to 25 years imprisonment.

Ordered that the judgment is modified, on the law, by reducing the indeterminate term of imprisonment imposed upon the conviction of attempted murder in the second degree from 12½ to 25 years to 8⅓ to 25 years; as so modified, the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the evidence adduced by the People was legally insufficient to establish the requisite intent to kill under the count charging attempted murder in the second degree (see, People v Bynum, 70 NY2d 858; People v Udzinski, 146 AD2d 245, 250). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of both crimes beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

As the People correctly concede, the court imposed an illegal sentence of 12½ to 25 years imprisonment upon the conviction of attempted murder in the second degree. Under the law in effect at the time the crime was committed, the court should have imposed a minimum term of imprisonment of one-third, rather than one-half, of the maximum term (see, Penal Law former § 70.02; see also, People v Toledo, 204 AD2d 667, 668). However, we otherwise decline to modify the sentence as we do not find it to be excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Altman and Florio, JJ., concur.