■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RICKETTS, Appellant. [680 NYS2d 19] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered October 9, 1996, convicting him of robbery in the second degree (two counts), burglary in the second degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement he made to law enforcement authorities.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICCARDO RICKETTS, Appellant. [681 NYS2d 37] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered October 9, 1996, convicting him of robbery in the second degree (two counts), burglary in the second degree, unlawful imprisonment in the first degree, and unlawful imprisonment in the second degree, upon a jury verdict, and sentencing him to six to twelve years imprisonment for each of his convictions of robbery in the second degree (two counts) and burglary in the second degree, two to four years imprisonment for his conviction of unlawful imprisonment in the first degree, and one year imprisonment for his conviction of unlawful imprisonment in the second degree, all sentences to run concurrently.

Ordered the judgment is modified, on the law, by reducing the sentence imposed for unlawful imprisonment in the first

degree from 2 to 4 years imprisonment to 1⅓ to 4 years imprisonment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the tape recording of the call to the 911 emergency number was properly admitted under the present sense impression exception to the hearsay rule since the statements of the caller described substantially contemporaneous noises that she heard shortly before and during the call to the emergency number (*see, People v Brown,* 80 NY2d 729, 732, 734). The defendant's contention that the tape recording was not sufficiently corroborated is unpreserved for appellate review, as this particular argument was never raised before the trial court (*see,* CPL 470.05 [2]). In any event, the evidence adduced at trial provided sufficient corroboration of the tape recording so as to assure the tape recording's reliability (*see, People v Brown, supra,* at 736).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

As the People correctly concede, the court improperly imposed an illegal sentence of 2 to 4 years imprisonment upon the defendant's conviction of unlawful imprisonment in the first degree rather than a sentence of 1⅓ to 4 years imprisonment. Since the defendant had no prior felony convictions, his minimum sentence should have been one third rather than one half of the maximum (*see,* Penal Law § 70.00 [3] [b]; *see also, People v Glass,* 242 AD2d 305; *People v Toledo,* 204 AD2d 667). As the court clearly intended to sentence the defendant to the maximum possible term of imprisonment with respect to this count, the matter need not be remitted for resentencing (*see, People v Persaud,* 166 AD2d 466). O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.