We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.

■ The People of the State of New York, Respondent, v Christopher Legagneux, Appellant. [691 NYS2d 922] —Appeal by the defendant from a judgment of the County Court, Putnam County (Braatz, J.), rendered May 15, 1996, convicting him of driving while intoxicated, reckless endangerment in the second degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Having failed to raise a relevant objection at trial, the defendant has not preserved for appellate review the issue of the sufficiency of the evidence underlying his conviction for driving while intoxicated (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in a light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Kane,* 240 AD2d 516; *People v Cooper,* 219 AD2d 426, *affd* 90 NY2d 292; *People v Whelan,* 165 AD2d 313). Moreover, upon the exercise of our factual review power, we are satisfied that the jury's verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.

■ The People of the State of New York, Respondent, v Arthur Moore, Appellant. [692 NYS2d 610] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered June 9, 1997, convicting him of rape in the first degree, sexual abuse in the first degree, incest, and endangering the welfare of a child, after a nonjury trial, and sentencing him to concurrent indeterminate terms of imprisonment of 12½ to 25 years for rape in the third degree, 3½ to 7 years for sexual abuse in the first degree, 2 to 4 years for incest, and one year for endangering the welfare of a child.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment imposed on the conviction of incest from 2 to 4 years to 1⅓ to 4 years; as so modified, the judgment is affirmed.