■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEN GERSTEN, Appellant. [719 NYS2d 900] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered January 5, 2000, convicting him of sodomy in the first degree (six counts), sexual abuse in the first degree (two counts), and endangering the welfare of a child, after a nonjury trial, and sentencing him to consecutive indeterminate terms of 12½ to 25 years imprisonment on the first 3 counts of sodomy in the first degree, concurrent indeterminate terms of 12½ to 25 years imprisonment on the remaining 3 counts of sodomy in the first degree, and concurrent determinate terms of 7 years imprisonment for sexual abuse in the first degree (two counts) and one year imprisonment for endangering the welfare of a child.

Ordered that the judgment is modified, on the law, by reducing the term of imprisonment imposed on each conviction of sodomy in the first degree from 12½ to 25 years imprisonment to 8⅓ to 25 years imprisonment; as so modified, the judgment is affirmed.

The defendant's contentions concerning the admission of evidence of uncharged crimes and expert testimony on child sexual abuse accommodation syndrome are unpreserved for appellate review. These arguments were not raised in the trial court (*see, People v James,* 262 AD2d 500; *People v Wilson,* 225 AD2d 642; *People v Perez,* 194 AD2d 812), and we decline to review them in the exercise our interest of justice jurisdiction.

Insofar as the defendant's contention of ineffective assistance of counsel can be reviewed on this record, we are satisfied that, under the totality of the circumstances existing at the time of representation, the defendant received meaningful representation (*see, People v Rivera,* 71 NY2d 705, 708; *People v Satterfield,* 66 NY2d 796, 798-799; *People v Baldi,* 54 NY2d 137, 146-147).

Contrary to the defendant's contention, the trial court legally imposed consecutive sentences for his convictions of sodomy in the first degree under counts one, two, and three of the indict-

ment, as each count involved a separate sexual act constituting a distinct offense (*see, People v White,* 261 AD2d 653, 657-658; *People v Rivera,* 186 AD2d 594, 596; Penal Law § 70.25).

However, the terms of imprisonment imposed on the defendant's convictions of sodomy in the first degree under counts one through six of the indictment were illegal and should be reduced from 12½ to 25 years imprisonment to 8⅓ to 25 years imprisonment. Since the crimes were committed in March 1995, the minimum term of imprisonment on these convictions should have been one-third of the maximum term, not one-half (*see,* Penal Law § 70.02 [4], as amended by L 1995, ch 3, § 4; *People v Wade,* 277 AD2d 475; *People v Glass,* 242 AD2d 305). The terms of imprisonment imposed on the defendant's remaining convictions are legal, and the sentence, as modified, is not excessive (*see, People v Suitte,* 90 AD2d 80). O'Brien, J. P., Krausman, Florio and Luciano, JJ., concur.