■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant. [721 NYS2d 88] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered November 30, 1994, convicting him of manslaughter in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Seconds before seeing the defendant holding the victim down on a bed, his hands near her throat and her head pushed up against the wall, the victim's sister heard her say, "Larry, get off of me. I can't breathe." Under these circumstances, the court properly admitted testimony by the victim's sister as to the victim's statement as a present sense impression exception to the hearsay rule. The statement was spontaneous and contemporaneous with the event being described, as well as

corroborated by the sister's observation (*see, People v Vasquez,* 88 NY2d 561, 575; *People v Brown,* 80 NY2d 729; *People v Ricketts,* 255 AD2d 341).

The defendant also contends that the People failed to provide notice pursuant to CPL 710.30 regarding their intent to use certain statements which he made after his arrest. However, the notice requirement is excused when a defendant moves for suppression of such evidence (*see,* CPL 710.30 [3]; *People v Kirkland,* 89 NY2d 903). Since the defendant moved to suppress the statements and, after a hearing, the trial court properly determined that the statements were admissible, the defendant waived his right to raise the claim that he did not receive notice of the People's intent to use the statements (*see,* CPL 710.30 [3]; *People v Kirkland, supra*; *People v Fletcher,* 258 AD2d 470; *People v Berry,* 242 AD2d 540). Santucci, J. P., S. Miller, Friedmann and Goldstein, JJ., concur.