■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN J. LAWS, Appellant. [730 NYS2d 911] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [1]) and criminal impersonation in the second degree (Penal Law § 190.25 [1]). Contrary to defendant's contention, the verdict is not against the weight of the evidence. Although a different finding would not have been unreasonable with respect to the count of assault in the second degree, there is no basis to conclude that the jury failed to give the evidence the weight it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of assault in the second degree (*see, People v Gray,* 86 NY2d 10, 19). In any

event, that contention is without merit. We reject the further contention of defendant that County Court erred in admitting evidence that he threatened to kill a police officer involved in his arrest, in the absence of a CPL 710.30 notice to defendant of that evidence. "[T]he notice requirement is excused when a defendant moves for suppression of such evidence" (*People v Johnson*, 280 AD2d 613, 614; *see*, CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 904). Defendant failed to preserve for our review his further contention that the evidence was improperly admitted because it was highly prejudicial (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Doran, J.—Assault, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.