**Jose DELVALLE, Petitioner–Appellant,**

v.

**John ARMSTRONG, Respondent–Appellee.**

**Docket No. 01–2675.**

United States Court of Appeals, Second Circuit.

Argued: June 20, 2002.

Decided: Sept. 05, 2002.

Gary D. Weinberger, Assistant Federal Public Defender (Thomas G. Dennis, Federal Public Defender, of counsel), Hartford, Connecticut, for Petitioner–Appellant.

James A. Killen, Supervisory Assistant State's Attorney, Office of the Chief State's Attorney, Civil Litigation Bureau, Rocky Hill, Connecticut, for Respondent–Appellee.

Before WALKER, Chief Judge, WINTER, and F.I. PARKER, Circuit Judges.

WINTER, Circuit Judge.

Jose DelValle appeals from Judge Burns's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He was convicted by a jury in Connecticut state court of murder and conspiracy to commit murder. After exhausting his state remedies, appellant filed his petition in the district court claiming that the trial court improperly instructed the jury on reasonable doubt and the presumption of innocence, thereby violating his rights under the Sixth and Fourteenth Amendments. He also raised a claim for relief under Section 2254(d)(2), arguing that the decision of the Connecticut Supreme Court was based upon an unreasonable determination of the facts as presented at trial. The district court denied the petition and granted a certificate of appealability. We affirm.

## BACKGROUND

Appellant was convicted of murder and conspiracy to commit murder following a drug-related turf dispute in which appellant and his two companions fired multiple rounds at the victim. One bullet struck the victim in the knee, and a second struck him in the head and neck area, killing him.

On appeal to the Connecticut Supreme Court, appellant claimed that the trial court's jury instructions on reasonable doubt, the presumption of innocence, and the state's burden of proof violated his constitutional rights to due process and to a jury trial. In particular, he challenged the trial court's instruction that reasonable doubt is a "rule of law . . . made to protect the innocent and not the guilty" as undermining the presumption of innocence and diluting the state's constitutionally required burden of proof. He also claimed that the trial court's instruction that reasonable doubt is not "a doubt suggested by the ingenuity of counsel" further diluted the state's burden of proof and misled the jury. The Connecticut Supreme Court affirmed his conviction. *State v. Delvalle*, 250 Conn. 466, 736 A.2d 125, 126 (1999). The Connecticut Supreme Court exercised its supervisory authority to forbid trial courts from using the challenged language in future jury charges. *Id.* at 129 n. 10 and 130.

Appellant then filed the present petition in the district court. It raised the claims described above, to which appellant's memorandum in support added the additional claim that the Connecticut Supreme

Court's decision was based upon an unreasonable determination of the facts in light of the evidence presented at trial. Appellant based the additional claim on the fact that the opinion of the Connecticut Supreme Court stated that the victim's fatal wound was the result of two bullets striking his head and neck, *id.* at 127, whereas the facts established at trial were that only one bullet had entered that region of the victim's body. The district court denied the petition and granted a certificate of appealability on all claims.

## DISCUSSION

■ We review the district court's denial of a petition for writ of habeas corpus *de novo* and its factual findings for clear error. *Ponnapula v. Spitzer,* 297 F.3d 172, 179 (2d Cir.2002) (citations omitted). Consideration of appellant's petition is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, § 104, 110 Stat. 1214, 1218–19. Under the AEDPA amendments, habeas relief cannot be granted on any claim "adjudicated on the merits in State court proceedings unless the adjudication of the claim ... resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). A state court decision is "contrary to" federal law clearly established by the Supreme Court if it either "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court arrives at a result opposite to one reached by the Supreme Court on "materially indistinguishable" facts. *Williams v. Taylor,* 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (O'Connor, J., for

the Court). With regard to issues of law, therefore, if the state court's decision was not an unreasonable application of, or contrary to, clearly established federal law as defined by Section 2254(d), we may not grant habeas relief even if in our judgment its application was erroneous. *Id.* at 411, 120 S.Ct. 1495.

■ We have found reversible error where a trial court instructed a jury that the presumption of innocence and reasonable doubt are "rules of law ... designed to protect the innocent and not the guilty." *See United States v. Doyle,* 130 F.3d 523, 533, 539–40 (2d Cir.1997). However, even if our present standard of review were not governed by AEDPA, it is not clear that *Doyle* would be controlling authority on this issue. In *Doyle,* we specifically noted that its ruling might not be applicable to a collateral attack on a state court jury charge. *Id.* at 540 n. 14.

In any event, after AEDPA, *Doyle* cannot serve as a basis for federal habeas relief under Section 2254 because it has no counterpart in Supreme Court jurisprudence. *Williams,* 529 U.S. at 412, 120 S.Ct. 1495; *Mask v. McGinnis,* 252 F.3d 85, 90 (2d Cir.2001) (denying habeas relief where "petitioner has established, at most, that the state courts unreasonably applied clearly established *Second Circuit* precedent") (emphasis in original). The Supreme Court has not directly addressed either of the two jury instructions at issue in this petition.

■ The Supreme Court has, however, articulated general principles that guide our analysis of appellant's constitutional claims. In particular, the Court has held that a state prisoner making a claim of improper jury instructions faces a substantial burden.

The burden of demonstrating that an erroneous instruction was so prejudicial

that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned.'" *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (quoting *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973)) (footnote omitted). The Supreme Court has also held that it is a "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp*, 414 U.S. at 146–47, 94 S.Ct. 396.

■■ Neither of the two jury instructions challenged in the present petition, when viewed in the context of the entire jury charge, are so erroneous as to deprive appellant of his constitutional rights to due process and to a fair jury trial. The trial court repeatedly emphasized throughout its jury instructions that appellant was entitled to a presumption of innocence and that the state bore the burden of proving each element of the crime beyond a reasonable doubt. The instruction that the reasonable doubt standard "is made to protect the innocent and not the guilty" was located among a series of admonitions stating that the law affords every person a presumption of innocence that can be overcome only by evidence proving guilt of the crimes charged beyond a reasonable doubt. Where a trial court repeatedly emphasizes the state's burden of proof, a single instruction taken in isolation that at worst suggests a lessening of that burden does not constitute grounds for habeas relief. *See Cupp*, 414 U.S. at 148, 94 S.Ct. 396.

■ Nor does the trial court's instruction that reasonable doubt is not "a doubt suggested by the ingenuity of counsel," when considered in context, provide a ground for habeas relief. The instructions contained several additional pronouncements on the meaning of reasonable doubt, culminating in the statement that reasonable doubt "is in other words a real doubt, an honest doubt; a doubt that has its foundation in the evidence or lack of evidence." The trial court's additional explanations therefore correctly stated the meaning of reasonable doubt for the jury and prevented any possible dilution of the state's burden as a result of the reference to the ingenuity of counsel.

We therefore conclude that the Connecticut Supreme Court's determination regarding the jury instructions was neither contrary to, nor an unreasonable application of, clearly established federal law, as defined above.

■ Appellant's final claim, that he is entitled to habeas relief under Section 2254(d)(2) because the Connecticut Supreme Court's decision was based on an unreasonable determination of the facts, is without merit. In its opinion, the Connecticut Supreme Court did misstate the circumstances of the victim's death in asserting that he was killed by two bullets to the head and neck region instead of one. *Delvalle*, 736 A.2d at 127. The misstatement, however, is irrelevant. It has no bearing on appellant's claims of instructional error or on any matter affecting the decision reached by the Connecticut Supreme Court.

Accordingly, we affirm.