**Don Juan F. BRITT, Petitioner–Appellant,**

v.

**George DUNCAN, Sup't, Great Meadow Correctional Facility, Respondent–Appellee.**

**Docket No. 02–2102.**

United States Court of Appeals, Second Circuit.

Jan. 3, 2003.

Robert Rosenthal, of counsel and on the brief, for Dawn M. Cardi, New York, NY, for Appellant.

Michael Gore, Assistant District Attorney, (Leonard Joblove, Ann Bordley, Assistant District Attorneys, on the brief, for Charles J. Hynes, District Attorney Kings County) Brooklyn, NY, for Appellee.

Present MESKILL,CALABRESI and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Petitioner Don Juan F. Britt appeals the denial by the United States District Court for the Eastern District of New York (Weinstein, *J.*) of his petition for habeas corpus. *See* 28 U.S.C. § 2254. His petition advanced several grounds for habeas relief, including ineffective assistance of counsel. *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Britt, who was convicted of one count of Attempted Murder in the Second Degree, claimed that he was denied effective assistance by his trial counsel's failure to adduce the potentially exculpatory testimony of his brother, Ze-

phaniah. He contends that Zephaniah was willing to testify that he alone inflicted the injuries in the altercation giving rise to Britt's conviction. The district court denied the petition, but granted a certificate of appealability on this claim.

Following his conviction, Britt raised the ineffective assistance claim in state collateral proceedings. His pro se motion to vacate the judgment pursuant to New York Criminal Procedure Law § 440.10(1), which included this claim, was denied by the Supreme Court, Kings County, in August 1996. In September 1998, in response to a second § 440 motion, which this time was supported by admissible evidence, the state Supreme Court determined on the merits that Britt had failed to satisfy either prong of the *Strickland* test, as he had shown neither the absence of any legitimate tactical reasons for counsel's failure to adduce Zephaniah's testimony, nor a reasonable probability that counsel's successful attempt to do so would have affected the outcome of the trial.

Unless Britt demonstrated that this decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts presented to the state court, the district court was obligated to defer to this determination. *See* 28 U.S.C. § 2254(d). He did not carry this burden.

Even though the state court's determination was entitled to deference under AEDPA, the district court conducted an evidentiary hearing, at which Zephaniah testified, to permit Britt to provide additional support for his claim. At the conclusion of the hearing, the district court found that:

[Zephaniah] was not available during the period leading up to the trial and the trial itself.

He deliberately made himself unavailable. The call to the police was probably at the behest of the petitioner.... The affidavit, which is not available to this court, was prepared by the petitioner and the call to the police which was not followed up by the brother was designed, I believe, partly as smoke to mislead the prosecutor as well as the attorney. The unproduced affidavit could have no bearing on this hearing. What we have here essentially is an unspoken agreement by the mother, the petitioner and the brother to ensure that the petitioner was acquitted.... The mother clearly did not want both of her sons convicted of this altercation. The brother did not want to be convicted. He was already in serious trouble with the law, but he was willing to help the petitioner to the extent that he could without putting himself in jeopardy.

Even if AEDPA deference did not apply, Britt would not be entitled to habeas relief in light of these findings, which were well supported in the record. *See DelValle v. Armstrong*, 306 F.3d 1197, 1200 (2d Cir. 2002) ("We review the district court's ... factual findings for clear error."). In light of the district court's findings, *Strickland's* requirements were not met because the decision not to expend resources pursuing a witness deliberately attempting to avoid testifying at trial, and likely to give unpredictable and quite possibly damaging testimony was a reasonable strategic decision. Moreover, in light of the testimony by the victim at trial that he observed Britt repeatedly stabbing him in the back, Britt failed to establish a reasonable probability that the result of trial would have been different if Zephaniah's testimony had been adduced.

The judgment of the district court is AFFIRMED.