Eddie RICKETTS, Petitioner,

v.

William MAZZUCA, Superintendent,
Fishkill Correctional Facility,
Respondent.

No. 99–CV–8472 (ADS).

United States District Court,
E.D. New York.

March 11, 2003.

Eddie Ricketts, Warwick, NY, Petition-
er, pro se.

Denis Dillon, District Attorney of Nas-
sau County, by Assistant District Attor-
neys Tammy Smiley and Lawrence
Schwartz, Mineola, NY, for Respondent.

## MEMORANDUM OF DECISION
## AND ORDER

SPATT, District Judge.

Eddie Ricketts ("Ricketts") petitions for a writ of habeas corpus from his 1996 conviction in state court, pursuant to 28 U.S.C. § 2254. For the reasons stated below, Rickett's petition is denied.

On October 27, 1995, Loreen White walked to work on Park Avenue, in Uniondale, New York. Ricketts and his co-defendant, Ricardo Ricketts ("Ricardo"), approached Ms. White with a gun drawn and demanded money. When Ms. White stated that she did not have any money, the two men forced her into a van occupied by two more co-defendants, Mark Seymour ("Seymour") and Sean Colin ("Colin"). The four men forced Ms. White to tell them where she lived, they then drove to her home, also located in Uniondale.

Upon arriving at Ms. White's house, Ricketts, Ricardo, and Colin walked her to the front door at gunpoint. Ms. White's nephew, Donovan Robertson, answered the door and the three men forced their way inside. Ricardo took Ms. White into her bedroom, searching for money. He threatened her with a knife, and demanded that she give him money. Eventually, Ms. White gave the men seventy-eight dollars ($78.00).

The men decided to leave Ms. White's house, and ordered her and her nephew to accompany them. Fortunately, the police had arrived at the scene. Police officer Salvatore DiNolfo ordered Ricketts to the ground. Ricketts reached inside his jacket, removed a hand gun and tossed it to the side, then got on the ground. The police arrested Ricketts immediately thereafter. Officer DiNolfo searched Ricketts and discovered seventy-eight dollars in his top shirt pocket.

On September 9, 1996, after a jury trial, Ricketts was convicted of two counts of Robbery in the Second Degree (N.Y. Penal Law § 160.10(1), (2)), Burglary in the Second Degree (N.Y. Penal Law § 140.25(1)(d)), Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02(1)), Unlawful Imprisonment in the First Degree (N.Y. Penal Law § 135.10), and Unlawful Imprisonment in the Second Degree (N.Y. Penal Law § 135.05) in County Court, Nassau County (Kowtna, J.). On October 9, 1996, the court sentenced Ricketts to prison terms of: (1) ten years for the robbery and burglary convictions; (2) seven years for the weapons possession conviction; (3) two to four years for the first degree unlawful imprisonment conviction; and (4) one year for the second degree unlawful imprisonment conviction; all sentences to run concurrently.

Ricketts directly appealed his conviction to the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), alleging that: (1) the hearing court erred in finding that the police had probable cause to arrest him and erred by not suppressing evidence that he tossed his gun; (2) the trial court erred in its jury instruction regarding witness credibility; and (3) the trial court erred in denying his motion for a mistrial based on the admission of statements that the prosecution failed to timely disclose.

On November 2, 1998, the Appellate Division affirmed Rickett's conviction, finding that: (1) the police had probable cause to arrest him; and (2) his remaining contentions were either unpreserved for appellate review or without merit. *People v. Ricketts*, 255 A.D.2d 341, 680 N.Y.S.2d 19, 20 (2d Dep't 1998). On December 28, 1998, the New York Court of Appeals denied Ricketts leave to appeal. *People v.*

*Ricketts,* 92 N.Y.2d 1037, 684 N.Y.S.2d 502, 707 N.E.2d 457 (1998).

On December 14, 1999, Ricketts filed the instant petition for a writ of habeas corpus, alleging the same grounds as in his direct appeal: (1) the hearing court erred in finding that the police had probable cause to arrest him and erred by not suppressing evidence that he tossed his gun; (2) the trial court erred in its jury instruction regarding witness credibility; and (3) the trial court erred in denying his motion for a mistrial based on the admission of statements that the prosecution failed to timely disclose.

### DISCUSSION

■ Ricketts filed this action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, AEDPA's provisions apply to his case. *Williams v. Taylor,* 529 U.S. 420, 429, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

Under the provisions of Section 2254(d), a habeas corpus application must be denied unless the state court's adjudication of the claim either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). A decision is "contrary to" established Federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." *Penry v. Johnson,* 532 U.S. 782, 792, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001) (citing

*Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.*

### A. As to the Fourth Amendment Claim

■ Ricketts alleges that the police did not have probable cause to arrest him and that evidence that he tossed a gun from his jacket should have been suppressed as fruits of an illegal arrest.

It is well settled that Fourth Amendment claims are not cognizable for habeas corpus review where the State has provided a full and fair opportunity to litigate them. *Stone v. Powell,* 428 U.S. 465, 494, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976) ("where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.").

Ricketts argued his Fourth Amendment claim before the trial court in a pre-trial hearing. The trial court denied his motion to suppress and both the Second Department and the New York State Court of Appeals upheld that decision. Thus, Ricketts had a "full and fair" opportunity at the state level to litigate his Fourth Amendment claims. Accordingly, Ricketts may not be granted federal habeas corpus relief on this claim. *Graham v. Costello,* 299 F.3d 129, 131 (2d Cir.2002); *Grey v. Hoke,* 933 F.2d 117, 121 (2d Cir.1991).

### B. As to the Alleged Jury Instruction Omissions

Ricketts contends that the trial court erred by giving a "bare bones" instruction

on witness credibility and by not giving the jury a separate instruction on prior inconsistent statements. Specifically, he argues that the complaining witness, Ms. White, gave inconsistent testimony and the court should have given a corresponding jury charge.

" 'In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law.' " *Sams v. Walker,* 18 F.3d 167, 171 (2d Cir.1994) (quoting *Casillas v. Scully,* 769 F.2d 60, 6 (2d Cir.1985)); *see also Estelle v. McGuire,* 502 U.S. 62, 72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154–55, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977); *Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–01, 38 L.Ed.2d 368 (1973); *DelValle v. Armstrong,* 306 F.3d 1197, 1201 (2d Cir.2002).

█ Further, "[w]here the claimed error is not an erroneous jury instruction but the failure to give a requested instruction, the petitioner bears a heavy burden in showing that the trial court's failure to give the instruction to the jury was an error of constitutional magnitude." *Williams v. Bennett,* 2001 WL 849746 at *10 (S.D.N.Y. July 27, 2001) (citing *Henderson,* 431 U.S. at 155, 97 S.Ct. 1730) ("An omission, or an incomplete instruction, is less likely to be prejudicial than is an actual misstatement of the law.").

The trial court gave the following instructions to the jury:

In performing your function of determining what the facts are, and where the truth lies, it is necessary, of course, for you to evaluate all of the testimony in order to determine the credibility and the weight which you find should be given to the testimony.

In order to reach a conclusion of the credibility, that is; a determination of whether or not a witness is telling the truth you have a right to apply all of the tests and considerations, all of the common sense which you would ordinarily apply in your own affairs, and in your everyday life in judging the credibility of statements made to you and whether or not the person making that statement is telling the truth.

You may, for example, consider the apparent interest or lack of interest of any witness in a case. You may consider the bias and prejudice of any witness in the case, if he or she has any such bias or prejudice.

\* \* \*

You may also consider the age, appearance, demeanor, conduct and behavior of the witness as he or she sat on the witness stand and testified.

You may further consider the opportunity of witnesses for observing the facts for which he or she testified, and the probability or improbability of his or her story, in view of all of the other evidence, facts or circumstances proven at trial.

I am required, also, by law to charge you concerning a rule of law which may apply with respect to the testimony of any witness found by you to have testified falsely.

If you find that any witness has wilfully testified falsely to any material fact or issue, you are at liberty to disregard all or any part of that witness' testimony. Again, members of the jury, you see, you are the sole judges of the facts.

You may believe what you please; you may disbelieve what you please of the testimony of any witness.

(T.R. of 9/9/96, at 861, 65–66). The court declined to give a specific instruction regarding "prior inconsistent statements" because the "charge satisfactorily cover[ed] the point." (*Id.* at 919).

■ Ricketts has not met the heavy burden of showing that the trial court misstated the law and violated a right guaranteed to him by federal law. Further, the trial court's denial of additional instructions was not an unreasonable application of federal law. The court gave a thorough explanation to the jury of the weight to be accorded any witness's testimony. Although the trial court did not expressly charge the jury on inconsistent statements, it did instruct on evaluating credibility, including the "false testimony" charge. Ricketts has not demonstrated that the trial court's ruling violated his federal constitutional rights. *See Henderson,* 431 U.S. at 156–57, 97 S.Ct. 1730. Accordingly, Ricketts's claim regarding jury instructions is denied.

## C. As to the Trial Court's Denial of a Mistrial

■ Ricketts contends that the trial court erred in denying his motion for a mistrial after the prosecution allegedly violated a state procedural law. Specifically, Ricketts argues that the prosecution failed to disclose co-defendant Colin's statement, as required by New York Criminal Procedure Law Section 710.30. At trial, Police Officer Jeffery Ferguson testified that Colin shouted "start the van" as the men were running out of the house, and the prosecution failed to inform Ricketts of this statement prior to the police officer's testimony. While the trial court would not grant a mistrial, it struck the statement from the record and instructed the jury to disregard what it had heard. (T.R. of 9/5/96, at 481–83). Ricketts claims that

the curative instruction was insufficient to cure any harm caused by the statement.

■ Federal habeas corpus relief is not available for state law errors that do not rise to the level of federal constitutional violations. *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Smith v. Phillips,* 455 U.S. 209, 211, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (holding that non-constitutional claims are not cognizable in federal habeas proceedings). "Violation of the notice requirement of New York Criminal Procedure Law § 710.30 is purely a matter of state law and raises no constitutional issues for a habeas court to review." *Arocho v. Walker,* No. 01 Civ. 1367, 2001 WL 856608, at *3 (S.D.N.Y. July 27, 2001) (citing 28 U.S.C. § 2254(a)); *see also Ventura v. Artuz,* No. 99 Civ. 12025, 2000 WL 995497, at **8–9, **11–12 (holding that petitioner's claim raises only a question of state law where he asserted that trial court erred in allowing testimony in violation of state procedural law); *Campbell v. Andrews,* No. 97–cv–2534, 1999 WL 997277, at *5 (E.D.N.Y. Oct. 19, 1999); *Matthews v. Artuz,* No. 97 Civ. 3334, 1999 WL 349694, at *8 (S.D.N.Y. May 27, 1999) ("it is well settled that the notice provisions of CPL § 710.30 are purely a creation of state law and therefore a claim of violation of CPL § 710.30 does not reflect a claim of constitutional magnitude so that any error is not cognizable on a habeas review") (internal quotations and citations omitted).

Ricketts's claim is based entirely on an alleged state law violation. Ricketts has not alleged, much less proven, that the supposed state law error violated his federal constitutional rights. In any event, the trial court's prompt curative instruction negated the possible prejudice that occurred from this state law procedural error. *See Arocho,* 2001 WL 856608, at *3.

**136**

Accordingly, Rickett's claim regarding a state procedural error is dismissed.

### *CONCLUSION*

For the foregoing reasons, Rickett's petition for a writ of habeas corpus is DENIED.

Pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Ricketts has not made a substantial showing of a denial of a constitutional right. *Miller–El v. Cockrell,* —— U.S. ——, 123 S.Ct. 1029, at 1039–40, 154 L.Ed.2d 931 (2003); *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Lucidore v. New York State Div. Of Parole,* 209 F.3d 107, 112 (2d Cir.2000).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**