**Bienvenido REYNOSO, Petitioner–Appellant,**

v.

**Melvin L. HOLLINS, Superintendent, Eastern Correctional Facility, Respondent–Appellee.**

**Docket No. 02–2034.**

United States Court of Appeals, Second Circuit.

April 11, 2003.

Deborah Wolikow Loewenberg, New City, NY, for Appellant.

Claris Ramos Sukkar, Assistant District Attorney (Joseph N. Ferdenzi, Assistant District Attorney; Nancy D. Killian, Assistant District Attorney; Robert T. Johnson, District Attorney, on the brief), Office of the District Attorney for Bronx County, Bronx, NY, for Appellee.

PRESENT: OAKES, MCLAUGHLIN and CABRANES, Circuit Judges.

**SUMMARY ORDER**

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York,

on the 11th day of April, two thousand and three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and hereby is AFFIRMED.

Petitioner appeals from an order of the District Court entered December 11, 2001 denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254(d). *Reynoso v. Hollins*, No. 00 Civ. 2863(LAK) (S.D.N.Y. Dec. 11, 2001). The District Court adopted the reasons set forth in a Report and Recommendations prepared by Magistrate Judge Michael H. Dolinger. *See Reynoso v. Hollins*, No. 00 Civ. 2863(LAK)(MHD) (S.D.N.Y. Nov. 15, 2001).

On appeal, petitioner argues that the trial court issued an improper jury instruction on reasonable doubt that violated petitioner's due process right to a fair trial because the charge conveyed to the jury that they must convict unless they were able to articulate their reasonable doubt, and that other jurors had a right to inquire as to their doubts. *See People v. Reinoso*, 257 A.D.2d 484, 685 N.Y.S.2d 4 (App. Div. 1st Dep't 1999),[1] *appeal denied, People v.*

*Reinoso*, 93 N.Y.2d 901, 689 N.Y.S.2d 713, 711 N.E.2d 989 (1999). The Court instructed the trial jury that jurors who had reasonable doubts could be asked to articulate specific, rational reasons for their doubts by other jurors during deliberations.[2] J.A. at 117–18. Petitioner argues that the jury instruction improperly shifted the burden of proof to the petitioner to provide the jurors with reasonable bases for doubts.

The Supreme Court has held that it is a "well-established proposition that a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). When evaluating whether a jury charge denies a defendant of a fundamentally fair trial, the challenged jury instruction must be viewed in the context of the entire charge on the specific subject. *Id.* In order to successfully challenge a deficient jury instruction, petitioner must show that "an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment [and the showing required] is even greater than [that] required to show plain error on

---

1. In the caption of the matter before the Appellate Division, petitioner was referred to as Bienvenido Reinoso a/k/a Bienvenido Reynoso.

2. The Court instructed the jury that:

   Reasonable doubt is the kind of doubt that a reasonable person would have after going over all the evidence in the case. It is a doubt for which a juror can give a reason if called upon to do so in a jury room, not to me or the lawyers. You don't owe us any explanation [of your verdict] .... but amongst yourselves, while you are deliberating, if one of the jurors says, "I have a reasonable doubt" the other jurors would have a right to say, "Share it with us[.]" What is it based on, why do you have a reasonable doubt[?] Maybe you're right

and we're missing something and vice versa.

   If a juror says I have no reasonable doubt, the other jurors would have a right to say why is that. Is it based on the evidence in this case or is it based on something else? That's the process of give and take that goes on in the jury room in an effort to come to a unanimous verdict which is required. So, I urge you to evaluate the evidence fairly and openly with objectivity in mind, with a view towards doing the right thing. The District Attorney is required to prove the guilt of the defendant beyond a reasonable doubt. If you have a reasonable doubt, find the defendant not guilty. If you do not have a reasonable doubt, find the defendant guilty.

   J.A. at 117:24 to 119:7.

direct appeal." *DelValle v. Armstrong,* 306 F.3d 1197, 1200 (2d Cir.2002) (citation omitted and quoting *Cupp,* 414 U.S. at 146–47 (citation omitted)).

Although the jury instruction in the instant case is disfavored because it may confuse the jury, it was not so prejudicial as to support a collateral attack on the judgment. The question in such a collateral proceeding is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not merely whether "the instruction is undesirable, erroneous, or even 'universally condemned.'" *Henderson v. Kibbe,* 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977). Accordingly, petitioner's challenge to the jury instruction regarding what constitutes reasonable doubt fails.

We have considered all of petitioner's arguments on appeal. The judgment of the District Court is hereby **AFFIRMED,** substantially for the reasons stated by Magistrate Judge Dolinger in his Report and Recommendations of November 15, 2001.