Angel HERRERA, Petitioner–Appellant,

v.

Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.

No. 02–2470.

United States Court of Appeals, Second Circuit.

Sept. 16, 2003.

---

Brian Sheppard, New Hyde Park, NY, for Appellant.

Christopher P. Marinelli, Assistant District Attorney (Robert M. Morgenthau, District Attorney New York County, Morrie I. Kleinbart, Assistant District Attor-

ney, of counsel), New York, NY, for Appellee.

PRESENT: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Angel Herrera appeals from a judgment of the United States District Court of the Southern District of New York entered on March 5, 2002, dismissing his petition for habeas corpus under 28 U.S.C. § 2254.

In 1979, petitioner was convicted of two counts of robbery and one count of second degree murder following a jury trial in the New York State Supreme Court, New York County. He appealed his conviction, which was unanimously affirmed by the Appellate Division without opinion in 1981, *People v. Herrara*, 80 A.D.2d 753, 437 N.Y.S.2d 212 (1st Dep't 1981); leave to appeal was denied by the Court of Appeals, *People v. Herrera*, 53 N.Y.2d 708, 439 N.Y.S.2d 1036, 422 N.E.2d 589 (1981). In 1999, Herrera filed a *pro se* petition for writ of habeas corpus alleging that he was denied due process when the prosecutor argued in summation that Herrera's earlier statement to him during an interrogation that Herrera was present during the robbery should be believed, and when the prosecutor stated during summation that Charlie Morgan, a witness to the robbery, did not have a gun and thus could not have been the person who shot the victim. Magistrate Judge Francis denied these claims in their entirety, and this ruling was adopted by the district court.[1] A certificate of appealability limited to the issues of whether the prosecution served as an

---

1. Respondent does not dispute that the petition is timely, notwithstanding the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AED-PA"), Pub.L. 104–32, 110 Stat. 1214 (1996), because the filing period was tolled while Herrera's CPL § 440.10 motion for state post-conviction relief was pending.

unsworn witness was granted by Judge McKenna on March 21, 2002.

We review the district court's denial of Herrera's habeas petition *de novo,* and review any factual findings only for clear error. *DelValle v. Armstrong,* 306 F.3d 1197, 1200 (2d Cir.2002). So long as the state court has "adjudicated [petitioner's claim] on the merits," AEDPA imposes a stringent limitation on the federal courts' authority to review a state court conviction: we may overturn a state court conviction only where that conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court opinion is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In contrast, a decision is an "unreasonable application of" clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." *Id.* To show "an unreasonable application," the petitioner must identify "[s]ome increment of incorrectness beyond error." *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000).

■ We first note that both the parties and the district court appear to have assumed that the state court adjudicated petitioner's claims "on the merits." Although the state court affirmed petitioner's conviction without opinion, we nonetheless conclude that this satis-

fies AEDPA's requirement of an "adjudicat[ion] on the merits" because petitioner presented these arguments to the state court and nothing in the record gives us any reason to think that the affirmance of petitioner's conviction was not a substantive rejection of his constitutional claims, or that the state court relied on procedural grounds instead. *See Sellan v. Kuhlman,* 261 F.3d 303, 311–12 (2d Cir.2001) (observing that "[n]othing in the phrase 'adjudicated on the merits' requires the state court to have explained its reasoning process").

Turning to the substance of petitioner's arguments, he contends that the conviction was obtained in violation of due process when the prosecutor acted as an unsworn witness by stating during his summation, with reference to Herrera's alleged admission at an interrogation at which the prosecutor was present that Herrera "was there" during the robbery, that "I didn't put those words in his mouth, Detective Bermudez didn't put those words in his mouth, only Angel Herrera says, 'I was there.'" Petitioner also argues that the district attorney's statement during summation that "Charlie Morgan ... didn't have a gun" was impermissible because no evidence of whether or not Morgan had a gun had been introduced.

The Supreme Court has held that prosecutorial misconduct violates due process when it is so prejudicial as to render the trial "fundamentally unfair." *Donnelly v. DeChristoforo,* 416 U.S. 637, 645, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). In other words, "[t]o constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller,* 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987) (in-

ternal quotation marks and citations omitted). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

■ Applying this standard, we cannot say that the state court's implicit determination that neither comment was so prejudicial as to render the trial fundamentally unfair was contrary to, or an unreasonable application of, clearly established federal law. Even assuming both statements were improper, both were harmless. As respondent notes, there was no argument made at trial that Herrera had *not* in fact made the statement to the police and district attorney that he "was there" during the robbery. Thus, reminding the jury that Herrera had made that statement could not have had a material impact on petitioner's defense at trial. As to the statement about Charlie Morgan and the gun, this too appears to be harmless because the evidence presented at trial suggested that Morgan was running next to the victim at the time of the shooting, but that the lethal shot came from *behind* the victim.

The district court's judgment is therefore affirmed.