*Enoksen v. Superintendent Squires*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of July, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

NANCY ENOKSEN,

> *Petitioner-Appellant*,

v.                                                          21-1182

SUPERINTENDENT SQUIRES, ALBION CORRECTIONAL FACILITY,

> *Respondent-Appellee*.

_____

For Petitioner-Appellant:      RICHARD E. MISCHEL, Mischel & Horn, P.C., New York, New York.

For Respondent-Appellee:      HILDA MORTENSEN, Assistant District Attorney (Tammy J. Smiley, Daniel Bresnahan, Assistant District Attorneys, *on the brief*), *for* Anne T. Donnelly, District Attorney, Nassau County, Mineola, New York.

Appeal from an order of the United States District Court for the Eastern District of New York (Brown, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner-Appellant Nancy Enoksen appeals from the April 2, 2021 order of the United States District Court for the Eastern District of New York (Brown, *J.*), denying her petition for a writ of habeas corpus, denying a certificate of appealability as to all grounds except her challenge to a jury instruction regarding her right not to testify at trial, and granting *in forma pauperis* status solely for appealing the jury instruction. *Enoksen v. Superintendent Squires*, 532 F. Supp. 3d 75, 94–95 (E.D.N.Y. 2021). On appeal, Enoksen challenges only the district court's ruling regarding the jury instruction, arguing that the instruction violated her constitutional rights and that the New York State Appellate Division erroneously and unreasonably applied federal law in reviewing the instruction. For the following reasons, we **AFFIRM** the judgment below. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision.

\*     \*     \*

In 2018, a New York state court jury convicted Enoksen, a former matrimonial attorney, of grand larceny based on unauthorized withdrawals that she made from a client's escrow account. Enoksen did not testify at trial, and the trial court provided the following jury instruction: "Although the defendant had a right to testify on her own behalf, she did not do so. The fact that a defendant did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." Joint App'x at 704. Enoksen challenged her conviction and prison sentence on various grounds, including the constitutionality of the jury instruction regarding her decision

2

not to testify. On direct appeal, the Appellate Division, Second Department, affirmed her conviction and concluded that the jury instruction, "viewed in its entirety, adequately explained the concepts of reasonable doubt and the People's burden of proof, and made it clear that the defendant bore no burden of proof." *People v. Enoksen*, 175 A.D.3d 624, 626 (N.Y. App. Div. 2d Dep't 2019). The New York Court of Appeals denied Enoksen's request for leave to appeal. *See People v. Enoksen*, 138 N.E.3d 500, 500 (N.Y. 2019).

Enoksen then filed the present petition pursuant to 28 U.S.C. § 2254, arguing, *inter alia*, that the jury instruction violated her right to due process under the Sixth Amendment and the Fourteenth Amendment of the United States Constitution. *Enoksen*, 532 F. Supp. 3d at 84. The district court determined that all of Enoksen's arguments except her challenge to the jury instruction were procedurally barred and without merit. *Id.* at 93–94 & nn.11–16. With respect to the jury instruction, the district court held that while Enoksen had "raised a substantial showing of the denial of a constitutional right," the Appellate Division did not act contrary to or unreasonably apply clearly established federal law in concluding that the jury instruction, viewed in the context of the charge as a whole, adequately explained Enoksen's burden of proof and thus did not violate her rights. *Id.* at 94; *see id.* at 91–92.

"We review the denial of a Section 2254 habeas petition de novo." *Scrimo v. Lee*, 935 F.3d 103, 111 (2d Cir. 2019). "If the state court denies a federal claim on the merits, then the provisions of § 2254(d) come into play and prohibit federal habeas relief unless the state court's decision was," as relevant to this appeal, "'contrary to, or involved an unreasonable application of, clearly established Federal law.'" *Jackson v. Conway*, 763 F.3d 115, 132 (2d Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1)). "A state court acts 'contrary to' clearly established federal law if it (1) 'arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law,'

3

or (2) 'decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Scrimo*, 935 F.3d at 112 (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). "An unreasonable application of federal law occurs if the state court's application of clearly established federal law was objectively unreasonable, or if it fails to extend a principle of clearly established law to situations which that principle should have, in reason, governed." *Id.* (internal quotation marks and citations omitted). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (internal quotation marks, alterations, and citations omitted).

Section 2254(d)(1) sets forth a "difficult to meet[] and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted). "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White*, 572 U.S. at 419–20 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). For challenges to jury instructions, "[b]ecause it is not enough that there is some slight *possibility* that the jury misapplied the instruction, the pertinent question is whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Waddington v. Sarausad*, 555 U.S. 179, 191 (2009) (internal quotation marks and citations omitted) (applying rule to review a jury instruction that quoted a state statute); *see also Middleton v. McNeil*, 541 U.S. 433, 437 (2004) (per curiam) (applying same rule to review a jury instruction that included four words that were not part of the state's form instructions). "[A] single instruction to a jury may not be judged in

artificial isolation, but must be viewed in the context of the overall charge." *Middleton*, 541 U.S. at 437 (alteration in original) (quoting *Boyde v. California*, 494 U.S. 370, 378 (1990)). "Where a trial court repeatedly emphasizes the state's burden of proof, a single instruction taken in isolation that at worst suggests a lessening of that burden does not constitute grounds for habeas relief." *DelValle v. Armstrong*, 306 F.3d 1197, 1201 (2d Cir. 2002).

Under these principles, the district court properly denied Enoksen's petition. As an initial matter, we recognize that "a state trial judge has the constitutional obligation, upon proper request, to minimize the danger that the jury will give evidentiary weight to a defendant's failure to testify." *Carter v. Kentucky*, 450 U.S. 288, 305 (1981); *see also Griffin v. California*, 380 U.S. 609, 615 (1965) (holding that "the Fifth Amendment . . . forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt"). We also acknowledge that the trial court in this case, contrary to its promise to the parties, did not fully adhere to New York's Criminal Jury Instructions ("CJI"),[1] and we agree with the district court that — at least with respect to the first sentence of the contested instruction — replication of the language in future trials would be "inadvisable." *Enoksen*, 532 F. Supp. 3d at 91 n.9.

Nonetheless, "in the context of the overall charge," *Middleton*, 541 U.S. at 437 (internal quotation marks and citation omitted), the challenged jury instruction did not deprive Enoksen of her constitutional rights. Enoksen argues that the jury instruction conveyed the trial court's

---

[1] In conference with the parties, the trial court expressed its intent "to go standard CJI" as to the jury instructions regarding "[b]urden of proof, reasonable degree, all the standard sections, [and] credibility." Joint App'x at 618. However, the two-sentence instruction delivered differed from the New York state model instruction, which states: "The fact that the defendant did not testify is not a factor from which any inference unfavorable to the defendant may be drawn." *Instructions of General Applicability – Defendant's Conduct: Defendant Who Does Not Testify*, N.Y. STATE UNIFIED CT. SYS., https://www.nycourts.gov/judges/cji/1-General/cjigc.shtml (last updated May 2, 2022).

5

purported "belief in the Petitioner's guilt" and included non-specific wording that failed to sufficiently mitigate adverse inferences from her decision not to testify. Appellant's Br. at 59; *see id.* at 61–62. However, the challenged jury instruction was preceded by instructions regarding the presumption of Enoksen's innocence and the nature of the state's burden of proof, and the second sentence of the challenged instruction expressly prohibited unfavorable inferences from the fact that she did not testify. Moreover, the jury heard about the presumption of Enoksen's innocence and the state's burden of proof throughout the trial, including in the preliminary instructions, the defense's summation, and the state's summation. In light of this surrounding language, we cannot conclude that "the ailing instruction by itself so infected the entire trial," *Waddington*, 555 U.S. at 191 (internal quotation marks and citation omitted), as to violate Enoksen's constitutional rights. *Cf. DelValle*, 306 F.3d at 1199, 1201 (denying habeas relief with respect to jury instructions stating that reasonable doubt is a "rule of law . . . made to protect the innocent" and is not "a doubt suggested by the ingenuity of counsel" where the trial court "repeatedly emphasized" the presumption of the petitioner's innocence and the state's burden of proof (internal quotation marks omitted)). We therefore hold that the Appellate Division's determination regarding the contested jury instruction was neither "contrary to" nor "an unreasonable application of" clearly established federal law.[2]

\* \* \*

---

[2] Enoksen contends that the district court and Appellate Division erred in failing to consider the trial record — rather than only the jury charge — in reviewing her challenge. We need not reach this argument because, regardless of the scope of review, we discern no basis for habeas relief under the "highly deferential standard for evaluating state-court rulings." *Pinholster*, 563 U.S. at 181 (internal quotation marks and citation omitted).

We have considered Enoksen's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court