■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID C. BRIGGS, Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 31, 1983, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant was an inmate at Elmira Correctional Facility when, on June 9, 1983, he was found in possession of a razor blade. An institutional disciplinary proceeding was apparently conducted,* as a result of which defendant received as punishment a period of time in the special housing unit and loss of one year of good time. On June 30, 1983, defendant was indicted by a Chemung County Grand Jury and charged with promoting prison contraband in the first degree. Defendant moved to dismiss the indictment on the ground that he was being twice placed in jeopardy for the same offense. This motion was denied and defendant ultimately pleaded guilty to attempted promoting prison contraband in the first degree. This appeal ensued.

A prison disciplinary proceeding which results in the loss of an inmate's privileges under the sentence which he is serving, but does not result in the imposition of an additional sentence, does not form the predicate for a claim of double jeopardy upon the indictment and trial of the inmate for alleged crimes based on acts which formed the basis for the disciplinary charge (*Matter of Escobar v Roberts,* 29 NY2d 594, *cert denied* 404 US 1047; *Matter of Lewis v Smith,* 38 AD2d 883). The fact that loss of good time is involved does not require a different result. Good time is a statutory privilege which, if earned, serves to reduce the maximum period of imprisonment of an indeterminate sentence (Penal Law § 70.30 [4] [a]). Thus, loss of good time does not involve any extension of the sentence imposed. It is more in the nature of a civil penalty than a criminal sanction (*see, Matter of Barnes v Tofany,* 27 NY2d 74). Therefore, the criminal prosecution of defendant did not constitute double jeopardy.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.

---

* This record contains no documentary evidence describing the details of the disciplinary proceeding.