■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND RIVERA, Appellant. — Main, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 17, 1983, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

While defendant was an inmate at Elmira Correctional Facility, he was accused of possessing a razor blade and was, consequently, indicted on April 15, 1983 for knowingly and unlawfully possessing dangerous contraband. Upon his arraignment, defendant pleaded not guilty and was assigned an attorney. The matter was then adjourned until May 23, 1983, so as to give the assigned counsel and defendant an opportunity to discuss the situation and prepare for whatever course of action was indicated. On May 23, defendant's counsel moved to dismiss the indictment on double jeopardy grounds, pointing out that defendant had already been subject to disciplinary proceedings at the prison and, as a result, had been given 45 days' confinement in the special housing unit and assessed a 60-day loss of good time credit. Defendant also moved for dismissal upon the further ground that Penal Law § 205.25 (2) was unconstitutional because of vagueness. When both motions were denied by County Court, defendant pleaded guilty to attempted promoting prison contraband in the first degree and now appeals.

The judgment of County Court should be affirmed. The administrative trial did not result in the imposition of an additional sentence upon defendant, but rather resulted in his loss of certain privileges under the sentence he was already serving. Such proceedings and punishment cannot form a predicate for the charge of double jeopardy upon the trial of defendant for the

alleged crimes which those acts constitute (*Matter of Escobar v Roberts,* 29 NY2d 594, *cert denied* 404 US 1047; *People v Briggs,* 108 AD2d 1058).

Regarding defendant's second contention, we have recently decided this precise point in holding that Penal Law § 205.25 (2) is not unconstitutionally vague (*People v Miller,* 106 AD2d 787).

Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.