**4** THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY SIMMS, Appellant.—Main, J.

Defendant, at the time an inmate at Elmira Correctional Facility, was convicted of promoting prison contraband in the first degree arising from his possession of a sharpened metal shank. On this appeal, he contends that he could not be convicted of this crime because the Penal Law defines contraband as "any article or thing which a person confined in a detention facility is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]), and no valid rule or regulation prohibiting such articles was filed with the Secretary of State. Our recent decision in *People v Motley* (119 AD2d 57) is dispositive of this issue. In that case, we noted that Penal Law § 205.00 (3) refers to prohibition by statute, rule, regulation or order and, although the Standards of Inmate Behavior were not filed with the Secretary of State, they nevertheless could be considered "orders" within the meaning of the statute. Accordingly, the listing of items which inmates are prohibited from possessing, contained within the Standards of Inmate Behavior, could form the basis for the charge in this case.

We similarly find defendant's other contentions to be unavailing. We have previously held that prison disciplinary proceedings do not form the basis for a double jeopardy claim, since they represent a loss of privileges with respect to a sentence already being served by a defendant, not an imposition of an additional sentence *(see, People v Rivera,* 111 AD2d 425). The record does not reveal an abuse of discretion by County Court in making its *Sandoval* ruling *(see, People v Williams,* 56 NY2d 236, 239). Next, there is no merit to defendant's argument that the jury should not have been given a copy of the entire Standards of Inmate Behavior rather than a copy of the single institutional rule defendant was accused of violating, since the practice was not unduly prejudicial. Also not prejudicial was the fact that several correction officers testified in uniform, since County Court properly instructed the jury that their testimony was not entitled to greater weight by virtue of their employment *(cf.*

*People v Gadsden,* 80 AD2d 508). Finally, defendant's claim that his pretrial statements were inadmissible is irrelevant on this appeal since the statements were never introduced at trial *(see, People v Parker,* 90 AD2d 565, *affd* 60 NY2d 714).

Judgment affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.