■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL LANE, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered June 13, 1986, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility, was working in the laundry room when he left the area without permission and entered a nearby locker room. On his return from the locker room a correction officer felt a long hard object in defendant's right front pocket. The officer announced that he was going to remove the object. Defendant then said, "I will get it for you. It is a pen CO." The officer then removed a sharpened 6¾-inch metal rod from defendant's pocket. As defendant was being escorted to the special housing unit he declared, "CO, I am going to get more time for this?"

Defendant's statements were ruled as admissible after a *Huntley* hearing held before trial. Defendant was convicted of promoting prison contraband in the first degree following a jury trial and sentenced as a predicate felon to a term of 3½ to 7 years' imprisonment. This term was to run consecutive to a sentence he was then serving. This appeal ensued. The judgment should be affirmed.

Defendant's first contention, that his statements should have been suppressed as the product of improper custodial interrogation since defendant had not first been given any *Miranda* warnings, is without merit. No questions had been posed to defendant at the time he made the statements at issue. County Court properly found that these statements were volunteered by defendant and denied his suppression motion *(see, e.g., People v Huffman,* 61 NY2d 795, 797).

Defendant's next contention, that he was denied a fair trial by the prosecution's failure to include defendant's second statement in its pretrial notice pursuant to CPL 710.30 (1), is also without merit. The existence of this statement was made known to the defense during the *Huntley* hearing held 3½ weeks before trial and was also ruled not to be suppressible by County Court. The statement was properly admissible at trial under CPL 710.30 (3) *(see, People v Briggs,* 38 NY2d 319, 322-323).

Defendant's final argument, that the fact that this incident gave rise to both a criminal adjudication and a prison disciplinary proceeding constitutes double jeopardy, must be rejected. A prison disciplinary proceeding does not trigger double jeopardy protection so as to bar a criminal prosecution based on the same incident *(People v Rivera,* 111 AD2d 425, 425-426, *lv denied* 66 NY2d 767; *see, Matter of Escobar v Roberts,* 29 NY2d 594, *cert denied* 404 US 1047; *People v Briggs,* 108 AD2d 1058).

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.