■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Appellant.—Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 22, 1990, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

We reject defendant's contention that the prison sentence he received of 3 to 6 years as a second felony offender was harsh and excessive. His plea of guilty was in satisfaction of a two-count indictment and was made with the understanding that the People would not pursue persistent felony offender status or persistent violent felony offender status. Additionally, at the time of the plea, the People recommended that a sentence of 3½ to 7 years, the harshest sentence possible, be imposed (see, Penal Law § 70.04 [3] [c]; [4]) and in fact County Court imposed a more lenient sentence. Under these circumstances, we find no abuse of discretion by the court in imposing sentence (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899). With respect to his claim that he was subjected to double jeopardy, this court has specifically determined that institutional disciplinary proceedings which result in the loss of an inmate's privileges or good time may not form the basis for a claim of double jeopardy for criminal charges based on the same acts which were the basis for the disciplinary charges (see, People v Briggs, 108 AD2d 1058). The same result should obtain here.

Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur. Ordered that the judgment is affirmed.