OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, and the case remitted to that Court for consideration of the facts
 
 (see,
 
 CPL 470.25 [2] [d]; 470.40 [2] [b]).
 

 After a jury trial, defendant was convicted of two counts of grand larceny in the fourth degree and two counts of petit larceny. Defendant was sentenced to two to four years’ imprisonment on each felony count and one year on each misdemeanor count, with all of the terms to run concurrently.
 

 Prior to trial, defendant moved to preclude identification evidence on the ground that the People provided insufficient notice of their intent to present identification testimony
 
 (see,
 
 CPL 710.30) . After the trial court denied defendant’s motion for preclusion, defendant made an oral motion to suppress the proposed identification testimony and the court scheduled a
 
 Wade
 
 hearing. Thereafter, the court found that the identification procedure had not been suggestive and denied defendant’s motion to suppress the identification evidence. On appeal, the Appellate Division reversed defendant’s conviction on the ground that the People had provided deficient CPL 710.30 notice.
 

 When the People intend to offer identification testimony from a witness, a notice of intent must be served upon the defendant specifying the evidence which the People intend to offer (CPL 710.30). The notice requirement is excused when a defendant moves for suppression of the identification testimony
 
 *905
 
 (CPL 710.30 [3];
 
 People v Merrill,
 
 87 NY2d 948;
 
 see also, People v Lopez,
 
 84 NY2d 425, 428). Since the defendant here moved to suppress the identification testimony and received a full hearing on the fairness of the identification procedure, any alleged deficiency in the notice provided by the People was irrelevant.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, Fourth Department, for further proceedings in accordance with the memorandum herein.