■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROLLIS MARK MILES, Appellant. [675 NYS2d 259] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of assault in the first degree (Penal Law § 120.10 [1]) for causing serious physical injury to a friend of his ex-girlfriend. Following the assault, defendant made oral admissions and gave two written statements to the police. Although defendant initially denied kicking the victim in the head, he admitted in his second written statement that he had done so "a couple of times".

Defendant contends that the oral statement he made to the police in which he initially denied kicking the victim in the head was improperly admitted into evidence because such statement was not contained in the People's CPL 710.30 notice (*see, People v Lane,* 132 AD2d 855, 856, *lv denied* 70 NY2d 801). Defendant made a pretrial motion to suppress his statements, and the existence of the oral statement was revealed during the *Huntley* hearing. At the conclusion of that hearing, County Court ruled that all statements were made voluntarily and were admissible at trial. Defendant's motion to suppress renders the alleged deficiency in the People's CPL 710.30 notice irrelevant (*see,* CPL 710.30 [3]; *People v Kirkland,* 89 NY2d 903, 904-905; *People v Merrill,* 87 NY2d 948).

Defendant also contends that he was deprived of a fair trial because of several instances of prosecutorial misconduct that occurred during his cross-examination and during summation. Many of those claims are unpreserved for our review (*see,* CPL 470.05 [2]), and the conduct of the prosecutor with respect to those that are preserved was not so egregious or prejudicial that it deprived defendant of his right to a fair trial (*see generally, People v Galloway,* 54 NY2d 396, 401; *see also, People v McMillan,* 234 AD2d 1006, *lv denied* 89 NY2d 1038). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 1st Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.