■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL CENTENO, Appellant. [687 NYS2d 88] —Judgment, Supreme Court, New York County (Harold Rothwax, J., at suppression hearing; Joan Sudolnik, J., at jury trial and sentence), rendered December 1, 1995, convicting defendant of attempted robbery in the first degree, and sentencing him to a term of 2⅓ to 7 years, unanimously reversed, on the law, the motion to suppress physical evidence and all out-of-court identifications granted and the matter remanded for a new trial to be preceded by an independent source hearing as to all identifying witnesses.

As the People correctly concede, the police lacked reasonable suspicion to stop and detain defendant pending an identification by the victim and three officers who had witnessed the

crime. Since the stop and detention were unjustified, defendant is entitled to suppression of the physical evidence recovered from him by the police and the out-of-court identifications. We thus remand for an independent source hearing as well as a new trial.

Defendant's motion to preclude the identification testimony of Police Officer Cafferty for failure to give timely notice pursuant to CPL 710.30 (2) was properly denied. The notice requirement is excused when, as here, the defendant has moved to suppress the identification testimony despite the late notice (CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 905).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence.

All remaining issues are rendered academic by our disposition of this appeal.

Reargument granted, and upon reargument, the unpublished decision and order of this Court entered October 13, 1998 (Appeal No. 2257) is recalled and vacated and a new decision and order substituted therefor. Concur—Rosenberger, J. P., Wallach, Tom and Mazzarelli, JJ.