THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN TORRES, Appellant. [768 NYS2d 823]—

Judgment, Supreme Court, New York County (William Wetzel, J.), rendered December 3, 2001, convicting defendant, after a jury trial, of robbery in the second degree and grand larceny in the fourth degree (three counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, and order, same court and Justice, entered on or about March 28, 2003, which denied defendant's motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]). The credible evidence established that defendant acted in concert with another person in forcibly taking the victim's property.

The court properly admitted defendant's statement made to the arresting officer. The record establishes that defendant moved to suppress this statement and chose to proceed to a *Huntley* hearing after failing to persuade the court that a preclusion ruling by another justice, made on the basis of the People's failure to comply with the notification requirements of CPL 710.30, was the law of the case. The court's denial of defendant's suppression motion after a *Huntley* hearing rendered any alleged deficiency in the CPL 710.30 notice irrelevant (*see People v Kirkland*, 89 NY2d 903, 904 [1996]).

At the *Huntley* hearing, the arresting officer testified that defendant made his statement spontaneously, before being arrested. A fair reading of the record fails to support defendant's assertions that at a prior proceeding the officer admitted that defendant's statement was the product of custodial interrogation, or that the prosecutor conceded this point. Accordingly, we reject defendant's claim that counsel was ineffective for failing to raise these matters at the *Huntley* hearing (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]), or that the court's ruling denying suppression was obtained by fraud.

Defendant's CPL 440.10 motion based on a violation of his right to counsel was properly denied. The issue raised in the motion concerning defense counsel's status is unavailing (*People v Kieser*, 79 NY2d 936, 937 [1992]).

Since defendant's only objections to the prosecutor's summation were "all of a general nature" (*People v Harris*, 98 NY2d 452, 491 n 18 [2002]), his present challenges to the summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.