■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WAGER, Appellant. [796 NYS2d 615]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 18, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

By proceeding with a suppression hearing after his motion to preclude identification testimony for lack of CPL 710.30 (1) (b) notice was denied, defendant waived the preclusion issue (*People v Kirkland*, 89 NY2d 903 [1996]; *People v Torres*, 2 AD3d 367 [2003], *lv denied* 2 NY3d 765 [2004]). The court properly denied defendant's suppression motion. The investigator's sequential display of a group of photographs including defendant's was not unduly suggestive, even though, years earlier, the witness had selected the same photograph of defendant from another photo array (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Galletti*, 239 AD2d 598, 599 [1997], *lv denied* 90 NY2d 1011 [1997]).

The court's conduct did not deprive defendant of a fair trial, since the court did not take on "either the function or appearance of an advocate" (*People v Arnold*, 98 NY2d 63, 67 [2002]), or suggest to the jury that it had an opinion on the merits of the case. The conduct of which defendant complains on appeal consisted of the court's limited questioning of witnesses for the purpose of clarification (*see People v Moulton*, 43 NY2d 944 [1978]), as well as its admonitions to defense counsel that occurred outside the hearing of the jury and did not cause any prejudice to defendant.

We perceive no basis for reducing the sentence.

We have considered defendant's remaining contentions and find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Sullivan and Sweeny, JJ.