■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY WITHERSPOON, Appellant. [849 NYS2d 895]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered September 5, 2006,

convicting him of operating a motor vehicle while under the influence of alcohol or drugs (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, and driving without a seat belt, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]).

The defendant's claim that the Justice who presided at his trial should have recused himself is without merit. Since no basis for disqualification pursuant to Judiciary Law § 14 was presented, it was up to the discretion of the Justice to decide whether or not to recuse himself (*see People v Rolle,* 37 AD3d 624, 624-625 [2007]; *People v Daly,* 20 AD3d 542 [2005]). Based upon the record before us, we conclude that the Justice properly declined to recuse himself.

The defendant's contention that the prosecutor's summation deprived him of a fair trial is unpreserved for appellate review, as defense counsel only made general, unspecified objections (*see* CPL 470.05 [2]; *People v Romero,* 7 NY3d 911 [2006]). In any event, a review of the challenged comments reveals that they were primarily fair comment on the evidence adduced at trial or responsive to defense counsel's summation (*see People v McHarris,* 297 AD2d 824 [2002]; *People v Cariola,* 276 AD2d 800 [2000]). Moreover, even if some of these comments arguably were improper, under the circumstances, the defendant was not denied a fair trial (*see People v Vallee,* 21 AD3d 502 [2005]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.