THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN REFERMAT, Appellant. [886 NYS2d 63]—Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered May 30, 2008. The judgment convicted defendant, upon his plea of guilty, of criminally negligent homicide.

It is hereby ordered that the judgment so appealed from is unanimously affirmed. Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. BUSH, Appellant. [885 NYS2d 796]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered February 7, 2006. The judgment convicted defendant, after a nonjury trial, of rape in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of rape in the third degree (Penal Law § 130.25 [2]). Contrary to the contention of defendant, his right of confrontation was not violated by the admission in evidence of a certified abstract of a registration record of the New York State Department of Motor Vehicles. The "various indicia of testimoniality" are not present in the registration record (*People v Rawlins*, 10 NY3d 136, 151 [2008]). Rather, the registration record contains only objective facts, its contents are not directly accusatory, and it does not reflect "the exercise of 'fallible human judgment' " (*People v Freycinet*, 11 NY3d 38, 41 [2008]). Similarly, the accompanying affidavit refers only to the authenticity of the registration record and its use in the regular course of business, and it contains no statement concerning the role of the registration record in the case against defendant (*cf. People v Pacer*, 6 NY3d 504, 510-512 [2006]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.