Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at hearing; Edward J. McLaughlin, J, at jury trial and sentence), rendered January 25, 2007, convicting defendant of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and identification. The fast-paced chain of events, viewed as a whole, leads to the inescapable conclusion that defendant stole the victim’s credit card.
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]; People v Pavao, 59 NY2d 282, 292 [1983]).
During voir dire, the court made several unusual remarks to prospective jurors that were ill-advised, but do not warrant reversal. Defendant’s claim that the court’s hostile conduct toward a particular discharged panelist may have inhibited other panelists from speaking freely is speculative. Although the court’s colloquy with another panelist on the subject of single-witness identification cases contained irrelevant and inappropriate references to a rape case, the court correctly stated the law on this subject and its remarks were not prejudicial.
Defendant’s remaining claims concerning jury selection, and his evidentiary claims regarding photographic evidence and alleged bolstering, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
We reject defendant’s arguments concerning lack of CPL *492 710.30 (1) (b) notice. Since the initial identification, when the witness first alerted a police officer and pointed out defendant across the street, was a witness-initiated procedure, it did not require notice (People v Dixon, 85 NY2d 218, 223 [1995]). Although notice was required for the subsequent identification, which involved a police canvass, defendant learned of this identification during the hearing and proceeded to litigate its lawfulness (see People v Kirkland, 89 NY2d 903 [1996]).
We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Nardelli, Buckley, Acosta and Freedman, JJ.