OPINION OF THE COURT
Susan T. Kluewer, J.
*503 Defendant’s motion for an order precluding the People from offering evidence at trial of any statements they attribute to him, directing that a hearing be held to determine whether the People should be precluded from cross-examining him about prior bad acts, and authorizing the making of further motions is granted only to the extent that the permissible scope of cross-examination of defendant concerning his past, should he elect to testify at trial, shall be determined at a hearing to be conducted immediately before trial, upon which the People shall notify defendant of all specific instances of prior uncharged criminal, vicious or immoral conduct of which they have knowledge and which they intend to use at trial for impeachment purposes.
Defendant is accused by information of leaving the scene of an incident involving personal injury without reporting (see Vehicle and Traffic Law § 600 [2]). Defendant was arraigned on January 15, 2009, apparently with present counsel, who filed a formal notice of appearance on that date. Thirty-five days later, on February 19, 2009, the People served a CPL 710.30 notice by mail on defense counsel advising of their intention to use at trial one written statement and one oral statement they attribute to defendant. The substance of each statement was set forth in the notice, but no copy of the written statement was forwarded with it. On May 14, 2009, the People served voluntary disclosure forms that include a copy of defendant’s written statement, and the case was adjourned at defendant’s request to June 16, 2009 for “motions.” Defendant made no motions by June 16, 2009, and on that date, instead of motions, the case was adjourned at defendant’s request to August 13, 2009 for a stipulated-to hearing to determine whether defendant’s statements should be suppressed on account of coercion, threats, improper promises or a violation of the requirements of Miranda v Arizona (384 US 436 [1966]). On August 13, 2009, however, the hearing was adjourned at defendant’s request for “motions.” Defendant now makes application for the above-noted relief.
Insofar as defendant seeks an order precluding the People from offering evidence of his statements at trial, he asserts that, since the People did not serve notice of their intention to use those statements on counsel within 15 days of arraignment as required by CPL 710.30 (2), they must be precluded from making use of those statements. Defendant also makes reference to, among other things, correspondence from the People alluding to their January 22, 2009 attempt to serve him person *504 ally, by mail, with the CPL 710.30 notice, an attempt he asserts is a legal nullity. Defendant additionally addresses his request for a hearing to determine whether the People can cross-examine him about prior bad acts, but he makes no mention of his request for leave to make further motions.
The People in opposition assert, first, that defendant’s having stipulated that a hearing take place is the functional equivalent of a motion for a hearing, thus rendering the failure to serve a timely CPL 710.30 notice irrelevant. They also refer to their unsuccessful attempt to serve defendant personally by mail shortly after arraignment, posit that it was not until defendant appeared in Part 3 on February 18, 2009 that they were able to ascertain the identity of his counsel, point out that they effectuated service of the CPL 710.30 notice on counsel the following day, and urge that they have thus shown “good cause” for late service of the notice. They address neither defendant’s request for an order precluding them from cross-examining him about prior bad acts, nor his request for leave to make further motions.
Defendant in reply vigorously disputes that a stipulated-to hearing constitutes a motion for an order suppressing evidence. Noting that his counsel filed a notice of appearance at arraignment, he also takes issue with the People’s assertion that they have shown good cause for permitting late service of the CPL 710.30 notice.
I agree with defendant that the People have failed to demonstrate the existence of good cause for permitting late service of a CPL 710.30 notice (cf. People v O’Doherty, 70 NY2d 479 [1987]). I agree with the People, however, that defendant’s stipulation with them, made when defendant was aware of the existence and contents of the statements, that there should be a hearing to determine whether those statements should be suppressed, renders defendant’s preclusion argument moot.
The central purpose of the statutory requirement that the People, within 15 days of a defendant’s arraignment, give notice of their intention to offer certain evidence at trial is so that the defendant can make a timely motion to suppress it (see People v O’Doherty, supra; see also CPL art 710). Where, however, a defendant has made a suppression motion in spite of the lack of timely or adequate notice, the People’s failure to timely and properly comply with the statutory notice requirement becomes irrelevant because that motion “in effect [affords the] defendant the same opportunity for a court to pass upon the admis *505 sibility of the statement as he [or she] would have had if timely notice had been given” (People v Amparo, 73 NY2d 728, 729 [1988]). Thus, an application to suppress a statement constitutes a waiver of any preclusion argument, even where a defendant makes that application as an alternative to preclusion (see e.g. People v Kirkland, 89 NY2d 903 [1996]; People v Merrill, 87 NY2d 948 [1996]; see also People v Garcia, 290 AD2d 299 [1st Dept 2002]; CPL 710.30 [2]).
While CPL article 710 contemplates formal motions for suppression of evidence, and for the hearings that are often ordered before the suppression issue is finally determined {see CPL 710.60), absent contrary public policy considerations, the parties are at liberty to agree upon a different procedural course to arrive at the same procedural result {see e.g. Salesian Socy. v Village of Ellenville, 41 NY2d 521 [1977]; People v Tatro, 245 AD2d 1040 [4th Dept 1997]), e.g., to stipulate that a hearing be conducted without the necessity of a formal motion therefor. The parties here did just that, thus affording defendant the opportunity to have the court pass upon the admissibility of his statements after the hearing that, but for the present motion, would have been conducted long before now. I thus agree with the People that, by stipulating to a suppression hearing, defendant effectively made a motion to suppress his statements, thereby rendering the People’s failure to abide by the statutory requirement at issue irrelevant (see People v Kirkland, supra). Defendant’s motion to preclude use of his statements is accordingly denied.
Defendant’s application for an order precluding the People from cross-examining him about prior bad acts is granted to the extent noted above (CPL 240.43; see People v Matthews, 68 NY2d 118 [1986]; People v Sandoval, 34 NY2d 371 [1974]; see also People v Simpson, 109 AD2d 461 [1st Dept 1985]).
Defendant’s application for leave to make further motions is denied without prejudice to a properly grounded motion for specified relief.