THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DAMATO, Appellant. [913 NYS2d 740]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered February 17, 2009, convicting him of operating a motor vehicle under the influence of alcohol, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that certain testimony elicited during trial was prejudicial is unpreserved for appellate review (*see People v Green*, 56 AD3d 490 [2008]; *People v Middleton*, 52 AD3d 533, 534 [2008]). In any event, any error in admitting the evidence was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that the prosecutor made inappropriate remarks during summation is similarly unpreserved for appellate review (*see People v Carrieri*, 49 AD3d 660, 662 [2008]; *People v Witherspoon*, 48 AD3d 599, 600 [2008]; *People v*

*Dorsette*, 47 AD3d 728 [2008]; *People v Ivory*, 307 AD2d 1000, 1001 [2003]). In any event, "[t]o the extent that the prosecutor may have exceeded the bounds of permissible rhetorical comment, any error was harmless" (*People v Carter*, 36 AD3d 624 [2007]; *see People v Witherspoon*, 48 AD3d at 600; *People v Dorsette*, 47 AD3d at 728; *People v Ivory*, 307 AD2d at 1001).

We reject the defendant's contention that the County Court should have suppressed statements he made to the police. Any alleged deficiency in the notice served by the People pursuant to CPL 710.30 is irrelevant since the defendant sought to suppress the statements and the County Court, after a *Huntley* hearing (*see People v Huntley*, 15 NY2d 72 [1965]), determined that they were admissible (*see* CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903, 904-905 [1996]; *People v Witherspoon*, 66 AD3d 1456, 1458 [2009]; *People v Torres*, 2 AD3d 367 [2003]; *People v Miles*, 251 AD2d 1012 [1998]; *People v Perrilla*, 247 AD2d 326, 326-327 [1998]).

Contrary to the defendant's contention, his constitutional right to confront adverse witnesses was not violated by the admission of calibration certificates referable to the breathalyzer machine employed by the police to test his blood alcohol level after he was stopped and detained, since the certificates are not testimonial within the contemplation of *Crawford v Washington* (541 US 36 [2004]) and are otherwise admissible under New York's business records exception to the hearsay rule (*see* CPLR 4518 [a], [c]; *People v Kinne*, 71 NY2d 879, 880 [1988]). "The question of testimoniality requires consideration of multiple factors, not all of equal import in every case. And while it is impossible to provide an exhaustive list of factors that may enter into the mix, two play an especially important role in this determination: first, whether the statement was prepared in a manner resembling ex parte examination and second, whether the statement accuses defendant of criminal wrongdoing. The purpose of making or generating the statement, and the declarant's motive for doing so, inform these two interrelated touchstones" (*People v Rawlins*, 10 NY3d 136, 156 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]). Accordingly, where, as here, "technicians merely recorded neutral testing procedures" and the " 'graphical . . . test results, standing alone, shed no light on the [defendant's] guilt' " (*People v Brown*, 13 NY3d 332, 339 [2009], quoting *People v Rawlins*, 10 NY3d at 159), the resulting business record does not constitute testimonial hearsay. Our conclusion in this case is supported by our consideration and balancing of other relevant factors, including "(1) whether the agency that produced the record is

independent of law enforcement; (2) whether it reflects objective facts at the time of their recording; (3) whether the report has been biased in favor of law enforcement; and (4) whether the report accuses the defendant by directly linking him or her to the crime" (*People v Brown*, 13 NY3d at 339-340; *see People v Freycinet*, 11 NY3d 38, 41 [2008]; *People v Rawlins*, 10 NY3d at 149-152, 156-158; *see generally People v Foster*, 27 NY2d 47, 52 [1970]; *People v Bradley*, 22 AD3d 33, 42 [2005], *affd* 8 NY3d 124 [2006]; *People v Lebrecht*, 13 Misc 3d 45, 49 [2006]; *cf. People v Pacer*, 6 NY3d 504 [2006]).

The County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was a provident exercise of its discretion (*see People v Walker*, 83 NY2d 455 [1994]; *People v Williams*, 213 AD2d 689 [1995]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.