# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1092**

**KA 11-01024**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

ROBERT PEALER, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JASON L. COOK, DISTRICT ATTORNEY, PENN YAN (MEGAN PETER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered December 8, 2009.  The judgment convicted defendant, upon a jury verdict, of driving while ability impaired and driving while intoxicated.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him following a jury trial of, inter alia, felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [2]; § 1193 [1] [c] [ii]), defendant contends that County Court erred in admitting in evidence breath test calibration and simulator solution certificates (collectively, breath test documents) used in verifying the accuracy of the breathalyzer test.  According to defendant, the admission of those records in evidence violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (*see generally Crawford v Washington*, 541 US 36, 50-54).  We reject that contention. The simulator solution certificate is a certified document indicating that a given sample of simulator solution contains a certain percentage of alcohol.  The breath test calibration certificate is a certified document indicating that a breath test machine accurately measured a given sample of simulator solution to within plus or minus .01% weight per volume.  Breath test calibration certificates are generated by employees of the New York State Division of Criminal Justice Services, while simulator solution certificates are generated by employees of the New York State Police.  Both are used to establish that the breath test machine used in a particular case is accurate, a necessary foundational requirement for the admission of breath test results (*see People v Mertz*, 68 NY2d 136, 148).  Here, the People offered the breath test documents in evidence, and the court admitted them as business records pursuant to CPLR 4518 (c), over defendant's

objection that such admission violated his right under *Crawford* to confront the government employees who certified the results.

The Confrontation Clause bars the admission of testimonial out-of-court statements made by a witness who is not subject to cross-examination (*see generally Crawford*, 541 US at 50-54; *People v Brown*, 13 NY3d 332, 338).  The United States Supreme Court in *Crawford* explicitly declined "to spell out a comprehensive definition of 'testimonial' " (541 US at 68), but it stated that "some statements qualify under any definition[, including] *ex parte* testimony at a preliminary hearing[ and s]tatements taken by police officers in the course of interrogations" (*id.* at 52).  Since *Crawford* was decided, courts have struggled to come up with a comprehensive definition of the term "testimonial," but one factor that must be considered is the degree to which a statement is deemed accusatory, i.e., whether it "seeks to establish facts essential to the elements of the crime[s]" (*People v Encarnacion*, 87 AD3d 81, 90; *see Melendez-Diaz v Massachusetts*, ___ US ___, 129 S Ct 2527, 2532; *People v Rawlins*, 10 NY3d 136, 151-152, *cert denied sub nom. Meekins v New York*, ___ US ___, 129 S Ct 2856).

Here, the statements contained in the breath test documents are not accusatory in the sense that they do not establish an element of the crimes.  Indeed, standing alone, the documents shed no light on defendant's guilt or innocence (*see People v Damato*, 79 AD3d 1060, 1061-1062; *see also People v Bush*, 66 AD3d 1488, *lv denied* 13 NY3d 905).  The only relevant fact established by the documents is that the breath test instrument was functioning properly.  The functionality of the machine, however, neither directly establishes an element of the crimes charged nor inculpates any particular individual.  Thus, the government employees who prepared the records were "not defendant's 'accuser[s]' in any but the most attenuated sense" (*People v Freycinet*, 11 NY3d 38, 42), and the breath test documents were properly admitted in evidence over defendant's objection based on the Confrontation Clause (*see Damato*, 79 AD3d at 1061-1062; *People v Lebrecht*, 13 Misc 3d 45, 47-49; *Green v DeMarco*, 11 Misc 3d 451, 465-468).

Contrary to defendant's contention, this case is distinguishable from *Bullcoming v New Mexico* (___ US ___, 131 S Ct 2705, 2710), in which the Supreme Court held that the Confrontation Clause barred the admission in evidence of a forensic laboratory report certifying the defendant's blood alcohol content.  In *Bullcoming*, the prosecution sought to admit evidence establishing that the defendant was intoxicated, which was an element of the crime charged (*id.* at 2709-2710).  Here, in contrast, the breath test documents were offered merely to show that the breath test machine functioned properly, which is not an element of DWI.  We note that the Supreme Court stated in *Melendez-Diaz* that "documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records" (___ US at ___ n 1, 129 S Ct 2532 n 1).  The breath test documents at issue here are precisely the sort of documents to which the Supreme Court in *Melendez-Diaz* was referring.  Although the footnote in *Melendez-Diaz*

is dicta, we find it to be persuasive, and it is indicative of how the Court would rule on the issue.  It is also consistent with the Court of Appeals' interpretations of the Confrontation Clause (*see e.g. Freycinet*, 11 NY3d at 41-42; *Rawlins*, 10 NY3d at 152-154).

Defendant further contends that the court erred in refusing to suppress all evidence obtained by the police following the stop of his vehicle.  We reject that contention.  The arresting officer stopped defendant's vehicle because it had an unauthorized sticker on the rear window, in violation of Vehicle and Traffic Law § 375 (1) (b) (i). According to defendant, the stop was unlawful because the officer's primary motivation in stopping the vehicle was to investigate an anonymous tip that defendant was intoxicated, and the unauthorized sticker was a mere pretext to allow the officer to accomplish that purpose.  Regardless of whether the stop was pretextual in nature, the court properly refused to suppress the evidence in question.  As the Court of Appeals has explained, "where a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation, a stop does not violate [the state or federal constitutions, and] . . . neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (*People v Robinson*, 97 NY2d 341, 349; *see Whren v United States*, 517 US 806, 812-813).  We note that defendant does not dispute that he committed a traffic infraction in the officer's presence by having the unauthorized sticker on his vehicle's window.

We have reviewed defendant's remaining contentions and conclude that they are either unpreserved for our review or without merit.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court