■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BROWN, Appellant. [946 NYS2d 480]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered December 10, 2009, convicting him of burglary in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial when certain hospital records were admitted into evidence in order to establish physical injury, an element of burglary in the first degree (*see* Penal Law § 140.30 [2]), is without merit, as the records were properly admitted under New York's business records exception to the hearsay rule (*see* CPLR 2306 [a]; 4518 [a], [c]; *People v Damato*, 79 AD3d 1060, 1061 [2010]; *People v Verrilli*, 69 AD3d 963, 964 [2010]).

The defendant's contention that the use of a letter of certification to authenticate the hospital records deprived him of his Sixth Amendment right to confrontation under *Crawford v Washington* (541 US 36 [2004]) is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, without merit, since the challenged certificate was not testimonial in nature (*see generally People v Rawlins*, 10 NY3d 136 [2008], *cert denied sub nom. Meekins v New York*, 557 US —, 129 S Ct 2856 [2009]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Rivera, J.P., Hall, Lott and Cohen, JJ., concur.