OPINION OF THE COURT
Martin I. Kaminsky, J.
Defendant is charged with speeding at 82 miles per hour in a 55-mile-per-hour zone in violation of section 1180 (b) of the Vehicle and Traffic Law on August 12, 2011 at 2:00 a.m., traveling northbound on Route 106 in the Village of Muttontown, New Wirk.
This case was tried to the court on March 22, 2012, and the parties have submitted posttrial summations and briefing. The following constitutes the court’s findings of fact, conclusions of law, and decision and order.
The People showed, through the testimony of Police Officer Robert Scholl that he independently estimated defendant’s speed at 80 miles per hour and also tracked him on laser at 80 miles per hour. Officer Scholl was shown to have been trained and certified as to both such independent estimates of automobile speeds and the use of both radar and laser at the Nassau County Police Academy. Further, Officer Scholl testified without contradiction that he had appropriately tested the laser device, both at the start of his tour of duty and again after issuing the *989 ticket to defendant. Defendant stipulated that the speed limit at that location was and is posted at 55 miles per hour.
Radar is considered a reliable device for measuring the speed of a moving vehicle. (People v Magri, 3 NY2d 562 [1958].) But, the Court of Appeals has not yet determined if use of a laser device is scientifically acceptable to prove a conviction; and the lower courts are divided as to that. (Compare e.g. People v Clemens, 168 Misc 2d 56 [1995], People v Depass, 165 Misc 2d 217 [1995], and People v Thaqi, NYLJ, July 22, 1997 at 25, col 1.) However, that is not the only basis proffered for the charge. The police officer’s independent estimate is sufficient in itself, if found to be credible, to prove the violation. (Cf. People v Correia, 140 Misc 2d 813 [1988]; People v Silverman, 25 Misc 2d 1236[A], 2009 NY Slip Op 52429[U] [Muttontown Just Ct, Dec. 3, 2009].)
Defendant has raised three arguments challenging the People’s case and evidence.
First, defendant argues that the police officer’s independent estimate is insufficient here because it was too dark at the hour involved to do so reliably, he did so from a stationary spot (and thus could not verify his estimate against his speedometer), and his training to do such estimates was only a couple of days. The court finds these objections unconvincing and the estimate here credible and persuasive. No evidence of the visibility that night has been presented; rather, defendant merely assumes lack of visibility due to the time. By contrast, the police officer testified, under oath, that he was fully able to see the defendant’s vehicle. An independent estimate suffices in itself, whether made while moving or stationary. (People v Heyser, 2 NY2d 390 [1957]; Correia, 140 Misc 2d at 816.) Defendant has not shown any deficiency in the officer’s training, or provided evidence that more time was needed for such training to be effective or sufficient or that the police academy doing the training was not qualified or otherwise capable of doing it. Hence, the officer’s certification by the Nassau County Police Academy is sufficient to qualify him and to give credit to his independent estimate.
Second, defendant contends that the supporting deposition failed to provide facts beyond those in the simplified information, and thus failed to give him sufficient factual information to prepare for trial. Section 100.15 (3) of the Criminal Procedure Law provides, in pertinent part, that the “factual allegations” of the accusatory instrument “may be based either *990 upon personal knowledge of the complainant or upon information and belief” (see also CPL 100.25 [2]), but that “every element of the offense charged and the defendant’s commission thereof must be supported by non-hearsay allegations.” In this regard, the allegations “should be given a fair and not overly restrictive or technical reading.” (People v Casey, 95 NY2d 354, 360 [2000].) Further, the statements must give notice of the facts and allegations in a manner which is “sufficient to prepare a defense.” (Id.) However, in a traffic case such as this, the supporting deposition often does not provide much, if any, detail beyond the ticket itself; and that is not a defect as long as the simplified information and supporting deposition, even if the same, contain all of the necessary elements of the charge. Here, they stated that defendant was driving in excess of a posted speed limit in the Village, with the location, date and time specified. That is all that is needed in a speeding case such as this. (People v Worrell, 10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U] [Muttontown Just Ct 2005]; People v Greenfield, 9 Misc 3d 1113LA], 2005 NY Slip Op 51518[U] [Muttontown Just Ct 2005].)
Finally, defendant argues that the certifications of the police officer’s capabilities and of the laser’s effectiveness are ineffective here since the persons who made the certifications were not produced at trial for cross-examination by defendant, and that the failure to do so requires dismissal of the case (citing Melendez-Diaz v Massachusetts, 557 US 305 [2009], and Bullcoming v New Mexico, 564 US —, 131 S Ct 2705 [2011]).
The Sixth Amendment to the US Constitution provides, inter alia, that the defendant in a criminal case has a right to confront his/her accuser, generally by cross-examination at trial. Case law under this provision, the “Confrontation Clause,” has grappled with whether and when that right applies to documentary evidence relied on by the prosecution to prove the defendant’s guilt, requiring the person who created or authored the documentary evidence to be produced by the People at the trial. That question is raised by the defendant’s contention here.
In 2004, in Crawford v Washington (541 US 36, 54, 59 [2004]), the US Supreme Court ruled that, as a general matter, the Confrontation Clause prohibits the People from simply introducing and relying on documents of a “testimonial nature” (such as forensic analyses) to establish the elements of a crime without producing the creator or author of the document for cross-examination by the defendant, even if the documents would *991 otherwise be admissible under evidentiary rules such as the business records rule. (Accord Davis v Washington, 547 US 813, 829-830 [2006] [where prosecution introduced victim’s statements, it should have produced for cross-examination that victim, and not simply relied on testimony of a police officer about the statements].)
Crawford has spawned nearly a decade of debate, including in New York, over what type of documents are “testimonial” and prove the elements of the crime charged, triggering the Crawford ruling. (See e.g. People v Encarnacion, 87 AD3d 81, 90 [2011] [posing the issue as whether the document “seeks to establish facts essential to the elements” of the offense charged].)
Early cases generally excluded documents certifying the effectiveness and proper working of equipment as “nontestimonial.” For example, in People v Stevenson (21 Misc 3d 128[A], 2008 NY Slip Op 51933[U], *1 [App Term, 1st Dept 2008]), in affirming a conviction for driving while intoxicated based on a breathalyzer report, the Appellate Term concluded that “[documents relating to the proper working condition of the breathalyzer machine were not testimonial in nature” so that the failure to call the operator and tester of the machine at trial did not violate the Confrontation Clause. (People v Fisher, 9 Misc 3d 1121[A], 2005 NY Slip Op 51726[U], *6, 10 [2005] [“the certificate of calibration for the breath test instrument, the simulator solution analysis and weekly instrument test records are not ‘testimonial’ ”].) But even that was not clear. (Cf. People v Lebrecht, 13 Misc 3d 45 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; People v Kanhai, 8 Misc 3d 447 [2005]; People v Orpin, 8 Misc 3d 768 [2005].) Consequently, confusion continued as to precisely what documentary evidence is subject to the Confrontation Clause.
Some clarification came in 2009 with the decision in Melendez-Diaz (557 US at 311). In overruling the Massachusetts courts, the US Supreme Court held that the Confrontation Clause assured the defendant in a drug case the right to cross-examine the forensic analyst who wrote a report opining that the substance seized by the police was an illegal drug (cocaine). The Court concluded that, even though the report was the result of “neutral scientific testing” and would be admissible under the business records rule, it was functionally equivalent, if not identical, to live, in-court testimony on the issues central to the crime charged. In doing so, however, the Supreme Court sought to limit its ruling to documents which establish the elements of *992 the crime charged against the defendant. (557 US at 318 et seq.) Further, in a footnote, the Court stated that “documents prepared in the regular course of equipment maintenance may well qualify as nontestimonial records.” (557 US at 311 n 1 [emphasis added].)
Following Melendez-Diaz, the New York Court of Appeals offered its own test in People v Brown (13 NY3d 332, 341 [2009]). In holding that a DNA report was “not ‘testimonial’ . . . because it consisted of merely machine-generated graphs, charts and numerical data,” i.e., “raw data,” without “conclusions, interpretations or comparisons,” the Court listed several factors to be considered in determining if a document is “testimonial.” Those factors include whether the document was “prepared . . . solely to be entered at the subsequent trial against the defendant,” whether “the agency that produced the record is independent of law enforcement,” whether “it reflects objective facts at the time of their recording,” whether “the report has been biased in favor of law enforcement,” and whether “the report accuses the defendant by directly linking him or her to the crime” (13 NY3d at 339-340). Applying the Brown test, the court in People v DiBari (26 Misc 3d 1220[A], 2010 NY Slip Op 50191[U], *4-5 [2010]) held that “calibration and simulator solution certificates of breath test instruments” are “qualitatively dissimilar from the report at issue in Melendez-Diaz” and thus “are non-testimonial.”
But, the debate continued, requiring yet another effort at clarification by the US Supreme Court in 2011 in Bullcoming (564 US —, 131 S Ct 2705). There, in a driving-while-intoxicated criminal case, a divided Court (in a 5 to 4 decision) ruled that the Confrontation Clause applied to a laboratory report of a forensic analyst as to the alcohol content of a sample of the defendant’s blood because the report had been created for use as evidence in the case at issue. The Court rejected the People’s contention that the lab report should not be considered “testimonial” because it contained “simply observations of an ‘independent scientist]’ made ‘according to a non-adversarial public duty.’ ” Instead, four of the five Justices in the majority ruled that the report was testimonial because it had been “created solely for an ‘evidentiary purpose.’ ” (564 US at —, 131 S Ct at 2717.) The fifth Justice in the majority, Justice Sotomayor, found this too absolute a test.
Since Justice Sotomayor’s vote created the majority, her concurrence appears to provide the operative test; and it ap *993 pears to be a more precise statement of the majority’s intent. Apparently concerned about the practical difficulties of proof inherent in a test based on the “sole purpose” of a document, Justice Sotomayor reasoned that, for purposes of the Confrontation Clause, a document is testimonial when its “primary purpose” is to “create a record for trial” (564 US at —, 131 S Ct at 2720, citing and quoting Michigan v Bryant, 562 US —, 131 S Ct 1143, 1155 [2011] [establishing “primary purpose” test to determine if oral, out-of-court statements are “testimonial” and thus subject to the Confrontation Clause]). As she explained, certifications are almost always prepared, in some part, for use in court and as potential evidence; therefore, the pertinent question is whether that is their main or primary purpose. (564 US at —, 131 S Ct at 2720.)
Bullcoming provides a different, indeed simpler, test from that suggested in Brown (13 NY3d at 339), and, consequently, calls for a reexamination and restatement of New York law on this issue. Doing so, the Court concludes that, in determining whether the Confrontation Clause applies to a document, the inquiry should focus on the purpose for the creation of the document, rather than its later use or its particular nature or contents. Where the document was prepared primarily as evidence, especially in the case before the court, the preparer must be produced for cross-examination. Where that was not the primary purpose of the document, the Confrontation Clause does not apply since the document is not tantamount to an “accuser” of the defendant before the court.
In the one reported New York case since the Bullcoming decision, People v Pealer (89 AD3d 1504 [2011]), the Appellate Division, Fourth Department, while acknowledging that case, still applied Melendez-Diaz footnote 1 and Brown rather than Bull-coming. The Pealer Court held that “breath test documents” were not testimonial because they were “offered merely to show that the breath test machine functioned properly,” focusing on their general use rather than the purpose for which they were created (at 1506). Respectfully, in doing so, the Court incorrectly ignored Bullcoming, sweeping it aside as “distinguishable” rather than applying its test. However, the result in Pealer was also correct under Bullcoming. The documents were not subject to the Confrontation Clause because the primary purpose of such tests and records was to assure the reliability of the equipment and not to create evidence for use against the defendant at his trial.
*994 Here, similarly, the primary purpose of the test results on the laser unit was to assure its reliability, not to establish elements of the case against defendant. Thus, under Bullcoming, the test results and notes reflecting them are not “testimonial” within the meaning of the Crawford ruling and do not require application of the Confrontation Clause. Likewise, there was no need to produce the person who had certified the police officer’s ability to make independent estimates of the speed of a moving vehicle or to use radar and laser equipment to track speed because the primary purpose of those certifications was not to create evidence for this trial, much less of the elements of the offense, in a particular case. Rather, they were to assure that the police officer was properly trained and qualified to do his job.
This is not to say that one may never have the right to confront someone who tested equipment or certified the capability of a forensic analyst. Rather, the court holds only that, in the case now before this court, the Confrontation Clause is not implicated. In another, different case, even such evidence may be subject to the Crawford ruling if its primary purpose was to create and serve as evidence in the particular case before the court.
Therefore, the court rejects and overrules defendant’s Melendez-Diaz/Bullcoming objection. However, and in any event, as to the tests on the laser equipment, Crawford was complied with in this case since the police officer who did the testing and prepared the notes of the tests was presented and cross-examined at the trial. Moreover, since the police officer’s independent estimate is sufficient in itself to prove defendant’s guilt here and the People are not relying on the laser evidence, defendant’s third argument, even if well-founded, would not suffice to require or warrant a dismissal of this case.
Accordingly, the court finds the defendant guilty.