People v Rivera-Ramos

2026 NY Slip Op 02174

April 9, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Francisco Rivera-Ramos, Appellant.

Decided and Entered:April 9, 2026

CR-25-0262

Calendar Date: February 9, 2026

Before: Clark, J.P., Reynolds Fitzgerald, Ceresia, Powers And Corcoran, JJ.

Lawrence Sheehan, Bronx, and Lisa Pelosi, New York City, for appellant.

Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

[*1]

Clark, J.P.

Appeal from a judgment of the County Court of Schenectady County (Matthew Sypniewski, J.), rendered March 21, 2023, upon a verdict convicting defendant of the crimes of burglary in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree, endangering the welfare of a child and obstructing governmental administration in the second degree.

In January 2022, defendant was charged in an 11-count indictment with various crimes stemming from allegations that he entered his estranged wife's apartment and attacked her romantic partner (hereinafter the victim) with a knife. Defendant's two-year-old child, whom he shared with the wife, was in the apartment during the incident and an order of protection was in effect that directed defendant to refrain from harassing or assaulting the wife. The indictment also alleged that defendant stole several personal items from the victim while fleeing the scene and assaulted police officers upon being booked into custody. Following a jury trial, defendant was acquitted of certain charges, including a charge of criminal contempt in the first degree based upon the alleged violation of the order of protection in favor of the wife. However, he was convicted of burglary in the first degree, two counts of assault in the second degree, criminal possession of a weapon in the third degree, endangering the welfare of a child and obstructing governmental administration in the second degree. Defendant was sentenced to concurrent prison terms on the convictions, amounting to an aggregate prison term of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.

Initially, we are unpersuaded by defendant's contention that he was deprived of a fair trial by County Court's decision to allow the victim — a police officer — to testify while wearing his police uniform with his service weapon on him. The victim was on duty both days that he testified and, when charging the jury, County Court instructed the jury that it was to "evaluate the testimony of police officers" like it would "any other witness" and that it was "not to find their testimony to be more or less likely to be true simply because [they are] a police officer." In these circumstances, permitting the victim to testify in his uniform was not unduly prejudicial so as to deprive defendant of a fair trial (see People v Destin, 150 AD3d 76, 84 [1st Dept 2017], lv denied 29 NY3d 1077 [2017]; People v Pratchett, 90 AD3d 1678, 1679 [4th Dept 2011], lv denied 18 NY3d 997 [2012]; People v Aupperlee, 168 AD2d 561, 562 [2d Dept 1990], lv denied 77 NY2d 958 [1991]; People v Simms, 124 AD2d 349, 349 [3d Dept 1986], lv denied 69 NY2d 886 [1987]).

Defendant also challenges the manner in which County Court responded to two jury notes submitted during deliberations asking for clarification on the intent element of burglary in the first degree. "Where a jury requests clarification or further instruction, 'the [*2]court must direct that the jury be returned to the courtroom and, after notice to both the People and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper' " (People v Briskin, 125 AD3d 1113, 1121 [3d Dept 2015] [brackets omitted], lv denied 25 NY3d 1069 [2015], quoting CPL 310.30; see People v Ashe, 208 AD3d 1500, 1506-1507 [3d Dept 2022], lv denied 39 NY3d 961 [2022]). "[T]he trial court is vested with discretion in determining the substance of its response, guided by the requirement that such response be meaningful" (People v Rawlinson, 170 AD3d 1425, 1429 [3d Dept 2019], lv denied 33 NY3d 1107 [2019]; see People v O'Rama, 78 NY2d 270, 276 [1991]). "In analyzing whether that discretion was abused, '[t]he factors to be evaluated are the form of the jury's question, which may have to be clarified before it can be answered, the particular issue of which inquiry is made, the supplemental instruction actually given and the presence or absence of prejudice to the defendant' " (People v Lee, 183 AD3d 1183, 1188 [3d Dept 2020], lv denied 35 NY3d 1114 [2020], quoting People v Malloy, 55 NY2d 296, 302 [1982], cert denied 459 US 847 [1982]; see People v Cason, 203 AD3d 1309, 1315 [3d Dept 2022], lv denied 38 NY3d 1132 [2022]).

Prior to the start of deliberations, County Court instructed the jury on the elements of burglary in the first degree in accordance with the general language set forth in the Pattern Criminal Jury Instructions, explaining that a burglary conviction in this case required the jury to conclude that defendant knowingly entered or remained unlawfully in a dwelling with the intent to commit a crime therein and that when, "in effecting entry or while in the dwelling or in immediate flight therefrom, he . . . [c]ause[d] physical injury to [a] person who [was] not a participant in the crime" (Penal Law § 140.30 [2]). As it pertained to the intent element of the crime, the court specifically stated that defendant's unlawful entry into the apartment must have been "with the intent to commit a crime inside the dwelling" (emphasis added; see CJI2d[NY], Penal Law § 140.30 [2]). After approximately an hour of deliberation, the jury submitted a note to the court requesting clarification as to whether the "intent to commit a crime[ ] could . . . be violating the . . . [o]rder of [p]rotection [in favor of defendant's wife] by intending to harass or annoy [her]." County Court read the note in front of defendant, his counsel and the prosecutor. Rather than specifically answering the jury's question, the court relayed its plan to reread the legal instructions for burglary in the first degree and to explain that the jury could consider the intent to commit any crime inside of the apartment to satisfy the intent element of the burglary charge, including criminal contempt in the first degree. Defendant did not object to this proposal. County Court then instructed the [*3]jury as contemplated and advised that it would read back the definition of criminal contempt in the first degree if requested.

Following a weekend recess, County Court advised the parties that it had received another note from the jury requesting a read-back of the definitions of burglary in the first degree and criminal contempt in the first degree. The prosecutor, relying on two Court of Appeals decisions, advocated for a supplemental response explicitly informing the jury that it could consider whether it was defendant's intent to enter the apartment to annoy or harass the wife as the predicate crime satisfying the "intent to commit a crime" element of burglary in the first degree. Over defendant's objection, County Court instructed the jury as proposed by the prosecutor, explaining that burglary in the first degree required proof that defendant entered the apartment "with the intent to commit a crime inside," which could include the intent to annoy or harass the wife.

Defendant argues that County Court's response to the jury's notes did not adequately convey the "intent to commit a crime element" of burglary in the first degree because it failed to explain that a conviction could not be predicated on an intent to violate the order of protection issued in favor of the wife simply by entering the apartment. This argument is unpreserved, as defendant did not request such an instruction upon being informed of the manner in which County Court planned to supplement its response to the jury's second note (see People v Lewis, 5 NY3d 546, 551 [2005]). To the extent that it may be preserved, defendant's argument is unavailing. Although defendant is correct that an "[u]nlawful entry cannot itself be used as the sole predicate crime in the 'intent to commit a crime therein' element of burglary" and intent to violate an order of protection "in a manner that [goes] beyond trespass" is necessary (id. at 551, 552; see People v Cajigas, 19 NY3d 697, 701 [2012]), the court's response properly and meaningfully conveyed that premise by explaining that the "intent to commit a crime" element of burglary in the first degree required proof that defendant intended to commit a crime "inside" of the apartment, thereby adequately conveying that the intent and entry elements were separate and distinct (see People v Lewis, 5 NY3d at 551; People v Cason, 203 AD3d at 1315).

We are also unpersuaded by defendant's contention that the sentence imposed is unduly harsh or severe (see CPL 470.15 [6] [b]). Upon reviewing the presentence report and considering all relevant circumstances, we decline to reduce defendant's sentence in the interest of justice. Defendant's remaining contentions, to the extent not expressly addressed, have been considered and found to be without merit.

Reynolds Fitzgerald, Ceresia, Powers and Corcoran, JJ., concur.

ORDERED that the judgment is affirmed.